1  STEPHEN M. FUERCH (SBN 065864)
   JAMES G. SCHWARTZ, OF COUNSEL (SBN 069371)
2  LAW OFFICES OF STEPHEN M. FUERCH
   7901 Stoneridge Drive, Suite 506
3  Pleasanton, CA 94588
   Phone: (925) 463-2575
4  Facsimile: (925) 399-6786
5  steve@fuerchlegal.com

6  Attorneys for Defendants REALMARK HOLDINGS, LLC, a California Limited
   Liability Company; and REALMARK INC., a California "C" Corporation
7

8

9                   IN THE UNITED STATES DISTRICT COURT

10               FOR THE NORTHEN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13  ROBERT SERAFIN,
                                        Case No.: 3:23-cv-03275 RS
14           Plaintiff,
                                        **DEFENDANTS REALMARK HOLDINGS,**
15  v.                                  **LLC, AND REALMARK, INC.'s MOTION**
                                        **TO DISMISS OR, IN THE ALTERNATIVE,**
16  REALMARK HOLDINGS, LLC, a           **TO ABSTAIN AND STAY; AND**
    California Limited Liability Company; **MEMORANDUM OF POINTS AND**
17  MADELINE SERAFIN, an individual;   **AUTHORTIES IN SUPPORT**
    REALMARK INC., a California "C"
18  Corporation; and DOES 1-10, inclusive  Date:    September 28, 2023
                                        Time:    1:30 p.m.
19                                      Ctrm:    3, 17th Floor (San Francisco)
             Defendants.               Judge:   Hon. Richard Seeborg, Chief United
20                                               States District Judge

21

22

23
        TO PLAINTIFF ROBERT SERAFIN IN PROPRIA PERSONA:
24
        NOTICE IS HEREBY GIVEN that on September 28, 2023, at 1:30 p.m., or as soon thereafter as
25
   the matter may be heard in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate
26
   Avenue, 17th Floor, San Francisco, California, before the Honorable Richard Seeborg, defendants
27
   Realmark Holdings, LLC, a California Limited Liability Company, and Realmark, Inc., a California "C"
28

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -1-

1  Corporation, will appear to move the Court for an order dismissing the complaint of plaintiff Robert

2  Serafin ("Plaintiff") pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), for lack of subject

3  matter jurisdiction, and Rule 12(b)(3), for improper forum or, in the alternative, to abstain and stay this

4  case until the conclusion of dissolution proceedings in *Madeline Serafin, Petitioner, vs. Robert Serafin,*

5  *Respondent,* Contra Costa County Superior Court, Case No. D21-02739 ("Contra Costa Case"); and

6  will further move to dismiss the Complaint because of failure to state a cause of action under Federal

7  Rules of Civil Procedure, 4ule 12(b)(6).

8          Madeline Serafin has not been served in this case.

9          The issues to be decided in this Motion are:

10         1.      Whether the Complaint should be dismissed pursuant to Federal Rules of Civil

11  Procedure, Rule 12(b)(1) and Rule 12(b) (3) because of the domestic relations exception to federal

12  jurisdiction and the ongoing Contra Costa Case.

13         2.      Whether the Court should abstain from exercising jurisdiction that will interfere with the

14  previously filed and ongoing Contra Costa Case now pending in the Contra Costa Superior Court.

15         3.      Whether the Complaint should be dismissed pursuant to Federal Rules of Civil

16  Procedure, Rule 12(b) (6) because Plaintiff has no standing to pursue the First Cause of Action for

17  Violation of Section 43(a) of the Lanham Act, Fourth Cause Designation of Origin in Violation of the

18  Lanham Act, 15 U.S.C. § 1125 (a) and related state law causes of action (Second, Third, Fifth-Tenth

19  Causes of Action).

20          This motion is based upon this Notice and other supporting papers, records and files, the

21  Request for Judicial Notice, proposed Order and on such other and further oral and documentary

22  evidence as may be permitted at the time of hearing.

23

24  DATED:  August 9, 2023.                    LAW OFFICES OF STEPHEN M. FUERCH
                                                A Professional Corporation
25

26                                          By:_____

27                                              STEPHEN M. FUERCH
                                                JAMES G. SCHWARTZ
28                                              Attorney for Defendants

Law Offices of
STEPHEN M. FUERCH, PC
7001 Stoneridge Drive
Suite 506
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -2-

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

## MOTION TO STAY OR, IN THE ALTERNATIVE, TO ABSTAIN AND STAY

### I.

### INTRODUCTION

Plaintiff Robert Serafin ("plaintiff") and Madeline Serafin ("Madeline Serafin") are currently in the middle of divorce proceedings. The Petition for Dissolution of Marriage was filed by defendant Serafin on July 19, 2021, in Contra Costa County Superior Court ("Contra Costa Case"), Case No. D21-02739. (Request for Judicial Notice, Exh. 1). *Burden v. Serafin*, (N.D., Cal, 2023) 2023 WL 4002727, at 2 and n.2; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.* (9th Cir., 2006) 442 F. 3d 741, 746, n. 6 ("We may take judicial notice of court filings and other matters of public record.")

There are three issues to be decided in this motion brought by defendants Realmark Holdings, LLC ("defendant Realmark, LLC) and defendant Realmark, Inc., a California "C" corporation ("defendant Realmark, Inc.") .

First, defendants Realmark, LLC and Realmark, Inc. contend that this Court lacks jurisdiction to hear this case. Plaintiff's complaint filed on June 30, 2023, is barred by the refusal of federal courts to hear cases involving or implicating dissolution proceedings. *Ankenbrandt v. Richards*, (1992) 504 U.S. 689, 704-705.

The Complaint admits that the allegations concerning defendants' alleged diversion and misappropriation of assets are part of the Contra Costa Case. (Complaint, ¶¶ 35, 39-44). Plaintiff also seeks division of the assets of defendant Realmark, Inc. as the community property of the parties in the Contra Costa Case, or the same relief sought in his Complaint. (Request for Judicial Notice, Exhibits 2-4; Complaint, prayer, ¶5).

Second, and in the alternative, this Court should abstain from and stay this case until the conclusion of proceedings in the Contra Costa Case. The Complaint alleges that defendants improperly diverted community property assets, including Realmark Inc's bank accounts for the personal benefit of defendant Serafin. Federal courts decline jurisdiction or abstain from hearing a federal court lawsuit alleging that marital assets are wrongfully diverted for the personal benefit of a spouse. *DeMauro v.*

///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1  *DeMauro* (lst Cir., 1997) 115 F. 3d 94, 99; *Evans v. Hepworth* (D. Idaho, 2020) 433 F. Supp. 3d 1171,

2  1182-1183 citing *DeMauro* with approval.

3        Third, the Complaint also fails to state a cause of action, because plaintiff lacks standing to assert

4  claims under the Lanham Act (First and Fourth Causes of Action) and related state law causes of action.

5  A claim under the Lanham Act requires allegations that defendants' action have affected interstate

6  commerce. *Southland So Farms v. Stover Seed Co.*, (9th Cir, 1997) 108 F. 3d 1134, 1139. The

7  Complaint fails to allege the required element of interstate commerce, and also fails to allege any facts

8  that would support even an inference of any action affecting interstate commerce. The Complaint also

9  fails to allege the required elements for a Lanham Act claim of a "(1) commercial injury based upon a

10 misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's

11 ability to compete with the defendant." *TrafficSchool.com, Inc. v. Edriver Inc.* (9th Cir. 2011) 653 F. 3d

12 820, 826, citing *Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.* (9th

13 Cir. 2005) 407 F. 3d 1027, 1037.

14                                          **II.**

15                          **STATEMENT OF THE FACTS**

16 **A.    Prior Federal Case Was Stayed**

17        A previous complaint where plaintiff was a nominal defendant and also naming Madeline

18 Serafin was stayed by order from Chief Magistrate Judge Donna M. Ryu of this Court on May 22, 2023.

19 *Burden v. Serafin*, supra, at 5-6, and see Request for Judicial Notice, Exh. 4.

20 **B.    Allegations of the Complaint**

21        The Complaint alleges that Madeline Serafin improperly "locked out" Plaintiff from books,

22 records and files of defendant Realmark, Inc. "shortly after the initiation of divorce proceedings in July

23 2021, in her capacity" as its Chief Executive Officer. (Complaint, paragraph 35).

24        Madeline Serafin allegedly stole and embezzled monies of Realmark, Inc. for her personal

25 benefits and to pay her attorneys, including the attorney representing her in the dissolution action.

26 (Complaint, paragraphs 35-39.) The improper diversion of assets from defendant Realmark, Inc.

27 allegedly violated a court order issued in the Contra Costa Case. (Complaint, paragraphs 43-44).

28 ///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1    Additionally, the Complaint alleges that Madeline Serafin improperly diverted business from
2  defendant Realmark, Inc. to Realmark Holdings, LLC, in violation of the court order issued in the
3  Contra Costa Case. (Complaint, paragraphs 45-52).

4  **C.      Admissions by Plaintiff in Contra Costa Case**

5    Plaintiff contends in multiple pleadings filed in the Contra Costa Case that defendant Realmark,
6  Inc. is the community property of the parties. (See Request for Judicial Notice, Exhibit 2, Plaintiff's
7  Schedule of Assets and Debts, at page 4, number 15, Partnerships and Other Business Interest, Exhibit 3,
8  Request for Order, Paragraph 8, and attachment for order, paragraphs 1-3, and paragraph 6, declaration
9  by plaintiff that all shares of stock in Realmark, Inc. are the "community property" of the parties.) An
10  accounting expert has also been appointed by the court in the Contra Costa Case to perform "analysis of
11  the community property interest in the business known as Realmark, Inc." (Request for Judicial Notice,
12  Exhibit 4, at Paragraph 2 (b).)

13                                             **III.**

14       **THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE OF**
15       **THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION**

16  **A.      Plaintiff Bears the Burden of Establishing Subject Matter Jurisdiction  FRCP 12 (b)(1)**

17    When disputed, the plaintiff bears the burden of establishing proper subject matter jurisdiction
18  and the court presumes lack of jurisdiction until plaintiff proves otherwise. *In re Wilshire Courtyard* (9th
19  Cir, 2013) 729 F. 3d 1279, 1284.

20    In deciding whether to dismiss a case, the court is permitted to rely on information beyond the
21  face of the complaint. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, (2d Cir., 2005)
22  409 F. 3d 73, 80.  Defendant may rely on external evidence submitted to determine whether subject
23  matter jurisdiction exists. *Bowyer v. U.S. Dep't of Air Force*, (7th Cir 1989) 875 F. 2d 632, 635-36.

24  **B.      This Court Should Dismiss or Abstain from Hearing Plaintiff's Complaint Because of the**
25  **Domestic Relations Exception to Federal Jurisdiction or, Alternatively, *Burford* Abstention and**
26  ***Younger* Abstention.**

27    Defendants contend that this Court should dismiss plaintiff's lawsuit under the domestic relations
28  exception to federal jurisdiction as held in the *Ankenbrandt* case.  Alternatively, a stay is

Law Offices of
STEPHEN N. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**

1    warranted under *Younger v. Harris* (1971) 401 U.S. 37 and *Burford v. Sun Oil Co.*, (1943) 319 U.S.
2    315.

3         It is well established that "[f]ederal courts will not hear divorce and custody cases even if they
4    arise in diversity because of 'the virtually exclusive…primacy of the States in the regulation of
5    domestic relations.'" *U.S. v. Windsor* (2013) 570 U.S. 744, 767, citing *Ankenbrandt v. Richards* (1992)
6    504 U.S. 689, 714.  The domestic relations exception may not be avoided "through artful pleading."
7    *Bailey v. MacFarland*, (9th Cir., 2021) 5 F. 4th 1092, 1096, citing M*cLaughlin v. Cotner*, (6th Cir., 1999)
8    193 F. 3d 410, 413.

9         Federal cases have made it clear that, as here, allegations that a spouse wrongfully diverted
10   marital assets are matters to be determined in a state court dissolution proceeding.  *Evans v. Hepworth*
11   (D. Idaho, 2020) 433 F. Supp. 3d 1171, 1182.  Accordingly, this Court should dismiss this case.

12   **C.    In the alternative, this Court Should Abstain from and Stay this Case under *Younger* and**
13   ***Burford***

14        As held in *Evans*, "several courts have since read *Ankenbrandt* to suggest that abstention based
15   on domestic relations concerns is appropriate where tortious conduct is part of an ongoing series of
16   disputes centering around the marital relationship." *Id.*, at 1177 (and citing *DeMauro* at 98; and *Mindys*
17   *Cosmetics, Inc. v. Dakar*, (C.D. Cal 2009) 2009 WL 10669480 at 9-10 (holding abstention was
18   appropriate where divorcing spouses both claimed an interest in a trademark at issue and the state court
19   was required to determine whether the trademark was community property).

20        The facts of *Evans* are very similar to the present case.  In *Evans*, the complaint alleged that the
21   defendant ex-spouse formed a "myriad of other companies" to conceal and fraudulently transfer stock
22   that was held in trust for the benefit of the plaintiff ex-spouse.  *Id.* at 1176.  The Complaint in the *Evans*
23   case alleged violations of the RICO statutes and various state claims.

24        Based on the facts before it, the District Court stayed proceedings in the *Evans* case.  Abstention
25   was appropriate under *Younger v. Harris* (1971) 401 U.S. 37, 44, as "Idaho's significant interests in
26   enforcing the judgments of its courts and in supervising and regulating the distribution of marital
27   property are both implicated in this suit." *Id.* at 1180-1181.  The Court also ruled that hearing plaintiff's
28   lawsuit "would undoubtedly interfere with the ongoing state divorce proceedings." *Id.* at 1180.  The

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -6-

1  court further ruled, like the present case, that "[j]ust as in *Demauro*, here the exact same property is at
2  issue in the federal actions and the state divorce action." *Id*. at 1182.

3      Judge Ryu's very recent decision in *Burden v. Serafin* also strongly supports the issuance of a
4  stay by this Court. (See Request for Judicial Notice, Exh. 4).  Citing *DeMauro*, the court held that "a
5  stay of the action would 'reduce the risk of interfering with interim state allocations and permit the
6  federal court to tailor any final federal judgment to avoid undermining the divorce court's allocation of
7  property.'" *Id*. at 7, citing *DeMauro*, *supra*., 115 F. 3d at 99.

8      The present lawsuit alleges that Madeline Serafin has improperly diverted community property
9  assets held by defendant Realmark, Inc. to defendant Realmark, LLC.  (Complaint, ¶¶ 42 and 43).
10 Plaintiff also contends in multiple pleadings filed in the Contra Costa Case that defendant Realmark
11 Inc. is the community property of himself and Madeline Serafin.  (Request for Judicial Notice, Exhibits
12 2-4.)

13     The Contra Costa County Superior Court has exclusive jurisdiction over the dissolution action
14 and any allegations about Madeline Serafin's alleged misappropriation of assets and alleged formation
15 of Realmark, LLC to divert the community property of the parties. See: *IRMO Impera*to (1975) 45 Cal.
16 App. 3d 432, 439-440 (courts in dissolution proceedings have the authority to adjudicate alter ego
17 allegations between spouses).  The Contra Costa County Superior Court in the Contra Costa Case also
18 has the authority to order joinder of parties other than plaintiff and defendant. *Marriage of Ramirez*
19 (2011) 198 Cal. App. 4th 336, 344.

20     As held in *Evans*, "[u]nder *Younger*, abstention in federal proceedings is required where: (1)
21 state proceedings are ongoing; (2) the federal proceeding implicates important state interests; (3) the
22 federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4)
23 the federal court action would enjoin the proceeding or have the practical effect of doing so." *Id*. at
24 1179.

25     All four factors specified in the *Younger* decision strongly support abstention in this case. The
26 Contra Costa Case is ongoing and involves California's interest in deciding dissolution cases and the
27 community property rights of the parties. *Evans*, *supra*., 433 F. Supp. 3d at 1180.

28 ///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -7-

1          Finally, the present case would interfere with the Contra Costa Case and the Contra Costa

2   Superior Court's consideration of division of community property between the parties, including

3   Realmark, Inc. For example, plaintiff seeks a restraining order against Madeline Serafin "from using"

4   assets of Realmark, Inc., even though he contends the same restraining order was issued in the Contra

5   Costa Case. (Complaint, prayer, ¶ 2). A forensic accountant has also been appointed in the Contra

6   Costa Case to value the community property interests of plaintiff and defendant Serafin in defendant

7   Realmark, Inc. (Request for Judicial Notice, Exhibit 4.)

8          A second basis for abstention in this case is under the *Burford* case. The U.S. Supreme Court

9   specifically held in *Ankenbrandt* "that *Burford* abstention may be appropriate, 'in a case involving

10   elements of the domestic relationship even where the parties do not seek divorce, alimony, or child

11   custody." *Evans*, *supra.*, 433 F. Supp. 3d at 1181, and quoting from *Ankenbrandt*, 504 U.S. at 705.

12          "Federal courts may decline to exercise their jurisdiction in otherwise 'exceptional

13   circumstances' where denying federal forum would clearly serve an important countervailing interest."

14   *Quakenbush v. Allstate Ins. Co.*, (1996) 517 U.S. 706, 716. The 9th Circuit greenlights abstention

15   where "domestic relations problems are involved tangentially to other issues determinative of the case."

16   *Chan v. Exley*, (N.D., Cal, 2022), 2022 WL 1027113 at 1.

17          Plaintiff seeks a determination in this case regarding the ownership of assets through defendants

18   Realmark, Inc. and Realmark, LLC. in his Complaint. The present case directly interferes with the

19   Contra Costa Case and the authority of the Contra Costa County Superior Court to adjudicate claims

20   concerning the community property assets of plaintiff and Madeline Serafin.

21          In addition, it is undisputed that the Contra Costa Case was filed on July 19, 2021, or almost two

22   years before the present lawsuit was filed. California law gives exclusive jurisdiction over all claims

23   related to the marital estate to the family court that first exercises jurisdiction over the dispute. *Glade v.*

24   *Glade* (1995) 38 Cal. App. 4th 1441, 1450; and *Elms v. Elms* (1935) 4 Cal. 2d 681, 683 ("There are

25   sound reasons in policy why the court in an action for divorce should be permitted to adjudicate the

26   rights of third parties in property alleged by one or both of the spouses to be community property").

27   //

28   ///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -8-

1

**IV.**

2

**PLAINTIFF LACKS STANDING TO SUE UNDER THE LANHAM ACT**

3

**AND RELATED CAUSES OF ACTION**

4        Plaintiff's Complaint should also be dismissed because he lacks standing to assert claims under

5    the Lanham Act and related state law causes of action.  There are no allegations that defendants acted in

6    interstate commerce, as required for a claim under the Lanham Act.  *Southland Sod Farms*, *supra.*, 108

7    F. 3d at 1139.  Additionally, plaintiff fails to allege any competitive injury that is an additional

8    requirement of standing to assert claims under the Lanham Act.  *Jack Russell Terrier Network,* supra.,

9    407 F. 3d at 1037.

10        Plaintiff's remaining causes of action are state law claims based on the Lanham Act causes of

11    action.  Claimants such as the plaintiff who lack standing under the Lanham Act also lack standing

12    under California's statutory laws and related common law claims.  *RDF Media Ltd. v. Fox Broadcasting*

13    *Co.*, (C.D., Cal, 2005) 372 F. Supp. 2d 556, 565-566 (dismissing Lanham Act false advertising claim

14    and state common law unfair competition claim based on the same allegations); and *Natural Answers,*

15    *Inc. v. SmithKline Beecham Corp.,* (11th Cir., 2008) 529 F. 3d 1325, 1332-1333 ("Since Natural Answers

16    is unable to bring an unfair competition claim under the Lanham Act under the theory of either false

17    advertising or trademark infringement, it follows that the common law claims based on unfair

18    competition and trademark infringement must fail as well)."

19

**V.**

20

**CONCLUSION**

21        Defendants request that this Court either dismiss or stay this action based on the pending Contra

22    Costa Case involving the same facts and issues presented in this case.  The case should also be

23    dismissed because plaintiff lacks standing to bring claims under the Lanham Act.

24    DATED:  August 9, 2023.                    LAW OFFICES OF STEPHEN M. FUERCH
                                                            A Professional Corporation
25
26
                                             By:_____
27                                               STEPHEN M. FUERCH
                                                 JAMES G. SCHWARTZ
28                                               Attorney for Defendants

Law Offices of
STEPHEN M. FUERCH, PC
7001 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF ALAMEDA      )

I am a citizen of the United States and an employee of the County aforesaid. I am over the age of eighteen and not a party to the within above-entitled action. My business address is 7901 Stoneridge Drive, Suite 506, Pleasanton, California 94588. On the date mentioned below, I served a true copy(ies) of the following document(s):

      1.     **DEFENDANTS REALMARK HOLDINGS, LLC, AND REALMARK, INC.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN AND STAY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

      2.     **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS REALMARK HOLDINGS, LLC, AND REALMARK, INC.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN AND STAY; and**

      3.     **DEFENDANTS' [PROPOSED] ORDER GRANTING DEFENDANTS REALMARK HOLDINGS, LLC, AND REALMARK, INC.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN AND STAY**

on the Addressee(s) below named in said action by:

    [X]    First Class Mail. I am familiar with the regular mail collection and processing practices of the business. The mail will be deposited with the United States Postal Service on the same day following ordinary business practices. I enclosed the above-mentioned document(s) in a sealed envelope with postage thereon fully prepaid in the United States Post Office mail box at Pleasanton, California
    [ ]    Facsimile.
    [ ]    By personal delivery.
    [ ]    By Federal Express.
    [ ]    Other
    [ ]    Via Email

Robert Serafin
460 Center Street, Unit #6995
Moraga, CA 94570

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on August 9, 2023, at Pleasanton, California.

_Colleen MacDonnell_
COLLEEN MACDONNELL