1 | STEPHEN M. FUERCH (SBN 065864)
JAMES G. SCHWARTZ, OF COUNSEL (SBN 069371)
2 | LAW OFFICES OF STEPHEN M. FUERCH
7901 Stoneridge Drive, Suite 506
3 | Pleasanton, CA 94588
Phone: (925) 463-2575
4 | Facsimile: (925) 399-6786
5 | Email: steve@fuerchlegal.com

6 | Attorneys for Defendants REALMARK HOLDINGS, LLC, a California Limited
Liability Company; and REALMARK INC., a California "C" Corporation
7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE NORTHEN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11 |

12 | ROBERT SERAFIN,

13 | Plaintiff, | Case No.: 3:23-cv-03275 RS

14 | v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS REALMARK HOLDINGS, LLC, AND REALMARK, INC.'s MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ABSTAIN AND STAY**

15 |
REALMARK HOLDINGS, LLC, a
16 | California Limited Liability Company;
MADELINE SERAFIN, an individual; | Date:    September 28, 2023
17 | REALMARK INC., a California "C" | Time:    1:30 p.m.
Corporation; and DOES 1-10, inclusive | Ctrm:    3, 17th Floor (San Francisco)
18 | | Judge:   Hon. Richard Seeborg, Chief United
19 | Defendants. | States District Judge

20 |

21 |

22 | Defendants Realmark Holdings, LLC, a California Limited Liability Company, Madeline Serafin

23 | and Realmark, Inc., a California "C" Corporation, through their counsel, hereby requests the Court to

24 | take judicial notice pursuant to Federal Rules of Evidence 201, of the following facts:

25 | 1.    Madeline Serafin's  Petition for Dissolution of Marriage against Plaintiff Robert Serafin,

26 | entitled Madeline Serafin, Petitioner, vs. Robert Serafin, Respondent, Contra Costa County Superior

27 | //

28 |

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 506
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE TO ABSTAIN AND STAY**
**Case No. 3:23-cv-03275 RS**
Page -1-

1  Court, Case No. D21-02739 ("Contra Costa Case"), a true and correct copy of which is attached hereto
2  as Exhibit 1.

3       2.     Plaintiff's Schedule of Assets and Debts in the Contra Costa Case, contending that
4  defendant Realmark, Inc. is the community property of the parties, a true and correct copy of which is
5  attached hereto as Exhibit 2.

6       3.     Plaintiff's Request for Order filed May 11, 2022, in the Contra Costa Case, seeking
7  appointment of a forensic account for purposes and valuation of Realmark, Inc. and contending that
8  defendant Realmark, Inc. is the community property of the parties, a true and correct copy of which is
9  attached hereto as Exhibit 3.

10       4.     Order Appointing Accounting Expert, filed on August 3, 2022, in the Contra Costa Case
11  and stating that Natalie McFarlin is appointed as an accounting expert to perform "an analysis of the
12  community property interest in the business known as Realmark, Inc," [Paragraph 2 (b)], a true and
13  correct copy of which is attached hereto as Exhibit 4.

14       5.     Complaint filed by plaintiff Charmaine Burden on June 14, 2022 in *Charmaine S.*
15  *Burden, plaintiff, vs. Robert Serafin, et al.*, Defendants, in Case No. 22-cv-03479-DMR, a true and
16  correct copy of which is attached hereto as Exhibit 5.

17       6.     Order Re Motion to Stay in *Charmaine S. Burden, plaintiff, vs. Robert Serafin*, from
18  Chief Magistrate Judge Donna M. Ryu of the above-captioned Court on May 22, 2023, a true and
19  correct copy of which is attached hereto as Exhibit 6.

20

21  DATED: August 9, 2023.           LAW OFFICES OF STEPHEN M. FUERCH
                                 A Professional Corporation
22

23                  By:_____
24                        STEPHEN M. FUERCH
                      JAMES G. SCHWARTZ
25                        Attorney for Defendants

26

27

28

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE TO ABSTAIN AND STAY
Case No. 3:23-cv-03275 RS**
Page -2-

# EXHIBIT 1

FL-100

| | |
|---|---|
| **PARTY WITHOUT ATTORNEY OR ATTORNEY** | **STATE BAR NUMBER:** SBN: 80542 |

NAME: **Victor J. Porée**
FIRM NAME: **Law Offices of Victor J. Porée**
STREET ADDRESS: **7901 Stoneridge Drive, Suite 506**
CITY: **Pleasanton**   STATE: **CA**   ZIP CODE: **94588**
TELEPHONE NO.: **(925) 469-0840**   FAX NO.: **(510) 228-1266**
E-MAIL ADDRESS: **lovjp1@pacbell.net**
ATTORNEY FOR (name): **PETITIONER MADELINE SERAFIN**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **CONTRA COSTA**
STREET ADDRESS: **751 PINE STREET**
MAILING ADDRESS:
CITY AND ZIP CODE: **MARTINEZ, CA 94553**
BRANCH NAME: **SPINETTA FAMILY LAW CENTER**

PETITIONER: **MADELINE SERAFIN**

RESPONDENT: **ROBERT SERAFIN**

**FOR COURT USE ONLY**

FILED

2021 JUL 19 A 10: 07

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CA
BY: _____ DEPUTY CLERK

CASE NUMBER:
**D21 - 02739**

**PETITION FOR**
☑ Dissolution (Divorce) of: ☑ Marriage ☐ Domestic Partnership
☐ Legal Separation of: ☐ Marriage ☐ Domestic Partnership
☐ Nullity of: ☐ Marriage ☐ Domestic Partnership
☐ AMENDED

*Assigned to Department*
*All purpose assignment*

1. **LEGAL RELATIONSHIP** *(check all that apply):*
   a. ☑ We are married.
   b. ☐ We are domestic partners and our domestic partnership was established in California.
   c. ☐ We are domestic partners and our domestic partnership was NOT established in California.

2. **RESIDENCE REQUIREMENTS** *(check all that apply):*
   a. ☑ Petitioner ☐ Respondent   has been a resident of this state for at least six months and of this county for at least three months immediately preceding the filing of this *Petition*. (For a divorce, unless you are in the legal relationship described in 1b., at least one of you must comply with this requirement.)
   b. ☐ Our domestic partnership was established in California. Neither of us has to be a resident or have a domicile in California to dissolve our partnership here.
   c. ☐ We are the same sex, were married in California, but currently live in a jurisdiction that does not recognize, and will not dissolve, our marriage. This *Petition* is filed in the county where we married.
      Petitioner lives in *(specify):*                     Respondent lives in *(specify):*

3. **STATISTICAL FACTS**
   a. ☑ (1) Date of marriage *(specify):* 03-21-2000     (2) Date of separation *(specify):* 7-17-2020
      (3) Time from date of marriage to date of separation *(specify):* **20** Years **3** Months
   b. ☐ (1) Registration date of domestic partnership with the California Secretary of State or other state equivalent *(specify below):*
      (2) Date of separation *(specify):*
      (3) Time from date of registration of domestic partnership to date of separation *(specify):*     Years     Months

4. **MINOR CHILDREN**
   a. ☐ There are no minor children.
   b. ☑ The minor children are:

   | Child's name | Birthdate | Age |
   |---|---|---|
   | ▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ | ▮▮ |

   (1) ☐ continued on <u>Attachment 4b</u>.   (2) ☐ a child who is not yet born.
   c. If any children listed above were born before the marriage or domestic partnership, the court has the authority to determine those children to be children of the marriage or domestic partnership.
   d. If there are minor children of Petitioner and Respondent, a completed *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)* (form <u>FL-105</u>) must be attached.
   e. ☐ Petitioner and Respondent signed a voluntary declaration of parentage or paternity. *(Attach a copy if available.)*

Form Adopted for Mandatory Use
Judicial Council of California
FL-100 [Rev. January 1, 2020]

CEB Essential
ceb.com Forms

**PETITION—MARRIAGE/DOMESTIC PARTNERSHIP**
**(Family Law)**

Page 1 of 3

Family Code, §§ 297, 299, 2320, 2330, 3409
www.courts.ca.gov

SERAFIN, MADELINE

FL-100

| PETITIONER: MADELINE SERAFIN | CASE NUMBER: |
|---|---|
| RESPONDENT: ROBERT SERAFIN | |

**Petitioner requests that the court make the following orders:**

**5. LEGAL GROUNDS** (Family Code sections 2200–2210, 2310–2312)

    a. ☑ Divorce or ☐ Legal separation of the marriage or domestic partnership based on *(check one):*
        (1) ☑ Irreconcilable differences. (2) ☐ permanent legal incapacity to make decisions.

    b. ☐ Nullity of void marriage or domestic partnership based on
        (1) ☐ incest. (2) ☐ bigamy.

    c. ☐ Nullity of voidable marriage or domestic partnership based on
        (1) ☐ petitioner's age at time of registration of domestic    (4) ☐ fraud.
             partnership or marriage.    (5) ☐ force.
        (2) ☐ prior existing marriage or domestic partnership.    (6) ☐ physical incapacity.
        (3) ☐ unsound mind.

**6. CHILD CUSTODY AND VISITATION (PARENTING TIME)**

                                                     Petitioner  Respondent  Joint  Other
    a. Legal custody of children to ....................................... ☑    ☐    ☐    ☐
    b. Physical custody of children to ................................. ☑    ☐    ☐    ☐
    c. Child visitation (parenting time) be granted to ...........................
        As requested in ☐ form FL-311    ☐ form FL-312    ☐ form FL-341(C)
                       ☐ form FL-341(D)    ☐ form FL-341(E)    ☐ Attachment 6c(1)

**7. CHILD SUPPORT**

    a. If there are minor children born to or adopted by Petitioner and Respondent before or during this marriage or domestic partnership, the court will make orders for the support of the children upon request and submission of financial forms by the requesting party.
    b. An earnings assignment may be issued without further notice.
    c. Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.
    d. ☐ Other *(specify):*

**8. SPOUSAL OR DOMESTIC PARTNER SUPPORT**

    a. ☑ Spousal or domestic partner support payable to ☑ Petitioner ☐ Respondent
    b. ☑ Terminate (end) the court's ability to award support to ☐ Petitioner ☑ Respondent
    c. ☐ Reserve for future determination the issue of support payable to ☐ Petitioner ☐ Respondent
    d. ☐ Other *(specify):*

**9. SEPARATE PROPERTY**

    a. ☐ There are no such assets or debts that I know of to be confirmed by the court.
    b. ☑ Confirm as separate property the assets and debts in ☐ *Property Declaration* (form FL-160). ☑ Attachment 9b.

        ☑ the following list.                    Item                  Confirm to
                                                            Petitioner

Any and all separate assets which are currently unknown to Petitioner. Petitioner prays leave to amend this Petition at a later time when the same have been ascertained.

CEB® | Essential
ceb.com | FatForms

**PETITION—MARRIAGE/DOMESTIC PARTNERSHIP**
(Family Law)

SERAFIN, MADELINE

| | FL-100 |
|---|---|
| PETITIONER: MADELINE SERAFIN | CASE NUMBER: |
| RESPONDENT: ROBERT SERAFIN | |

10. COMMUNITY AND QUASI-COMMUNITY PROPERTY

    a. ☐ There are no such assets or debts that I know of to be divided by the court.

    b. ☑ Determine rights to community and quasi-community assets and debts. All such assets and debts are listed

        ☐ In *Property Declaration* (form FL-160).     ☐ In *Attachment 10b*.

        ☑ as follows *(specify)*:

        Any and all community assets and obligations which are currently unknown to Petitioner. Petitioner prays leave to amend this Petition at a later time when the same have been ascertained.

11. OTHER REQUESTS

    a. ☑ Attorney's fees and costs payable by ☐ Petitioner ☑ Respondent

    b. ☐ Petitioner's former name be restored to *(specify)*:

    c. ☐ Other *(specify)*:

    ☐ Continued on *Attachment 11c*.

12. I HAVE READ THE RESTRAINING ORDERS ON THE BACK OF THE SUMMONS, AND I UNDERSTAND THAT THEY APPLY TO ME WHEN THIS PETITION IS FILED.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 16, 2021

MADELINE SERAFIN
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PETITIONER)

Date: July 16, 2021

Victor J. Porée
    (TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR PETITIONER)

FOR MORE INFORMATION: Read *Legal Steps for a Divorce or Legal Separation* (form FL-107-INFO) and visit "Families Change" at *www.familieschange.ca.gov* — an online guide for parents and children going through divorce or separation.

NOTICE: You may redact (black out) social security numbers from any written material filed with the court in this case other than a form used to collect child, spousal or partner support.

NOTICE—CANCELLATION OF RIGHTS: Dissolution or legal separation may automatically cancel the rights of a domestic partner or spouse under the other domestic partner's or spouse's will, trust, retirement plan, power of attorney, pay-on-death bank account, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the right of a domestic partner or spouse as beneficiary of the other partner's or spouse's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions. Some changes may require the agreement of your partner or spouse or a court order.

CEB Essential Forms
ceb.com

PETITION—MARRIAGE/DOMESTIC PARTNERSHIP
(Family Law)

SERAFIN, MADELINE

# EXHIBIT 2

## THIS FORM SHOULD NOT BE FILED WITH THE COURT

FL-142

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>David C. Erb/Brittney N. Sturtevant (SBN: 276309/304230)<br>Flicker, Kerin, Kruger & Bissada LLP<br>3130 Crow Canyon Place Suite 405<br>San Ramon CA 94583<br>ATTORNEY FOR *(Name):* Robert Serafin | TELEPHONE NO.: **925-327-6200** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Contra Costa**

PETITIONER: **Madeline Serafin**

RESPONDENT: **Robert Serafin**

| SCHEDULE OF ASSETS AND DEBTS<br>☐ Petitioner's   ☑ Respondent's | CASE NUMBER:<br>**D21-02739** |
|---|---|

— **INSTRUCTIONS** —

List all your known community and separate assets or debts. Include assets even if they are in the possession of another person, including your spouse. If you contend an asset or debt is separate, put P (for Petitioner) or R (for Respondent) in the first column (separate property) to indicate to whom you contend it belongs.

All values should be as of the date of signing the declaration unless you specify a different valuation date with the description. For additional space, use a continuation sheet numbered to show which item is being continued.

| ITEM NO. | ASSETS DESCRIPTION | SEP. PROP | DATE ACQUIRED | CURRENT GROSS FAIR MARKET VALUE | AMOUNT OF MONEY OWED OR ENCUMBRANCE |
|---|---|---|---|---|---|
| | 1. REAL ESTATE *(Give street addresses and attach copies of deeds with legal descriptions and latest lender's statement.)* **See Attachment A** | | | $ | $ |
| | 2. HOUSEHOLD FURNITURE, FURNISHINGS, APPLIANCES *(Identify.)* **See Attachment A** | | | | |
| | 3. JEWELRY, ANTIQUES, ART, COIN COLLECTIONS, etc. *(Identify.)* **See Attachment A** | | | | |

| ITEM NO. | ASSETS DESCRIPTION | SEP. PROP | DATE ACQUIRED | CURRENT GROSS FAIR MARKET VALUE | AMOUNT OF MONEY OWED OR ENCUMBRANCE |
|---|---|---|---|---|---|
| | 4. VEHICLES, BOATS, TRAILERS *(Describe and attach copy of title document.)* **See Attachment A** | | | $ | $ |
| | 5. SAVINGS ACCOUNTS *(Account name, account number, bank, and branch. Attach copy of latest statement.)* **See Attachment A** | | | | |
| | 6. CHECKING ACCOUNTS *(Account name and number, bank, and branch. Attach copy of latest statement.)* **See Attachment A** | | | | |
| | 7. CREDIT UNION, OTHER DEPOSIT ACCOUNTS *(Account name and number, bank, and branch. Attach copy of latest statement.)* **See Attachment A** | | | | |
| | 8. CASH *(Give location.)* **See Attachment A** | | | | |
| | 9. TAX REFUND **See Attachment A** | | | | |
| | 10. LIFE INSURANCE WITH CASH SURRENDER OR LOAN VALUE *(Attach copy of declaration page for each policy.)* **See Attachment A** | | | | |

**SCHEDULE OF ASSETS AND DEBTS**
**(Family Law)**

| ITEM NO. | ASSETS DESCRIPTION | SEP. PROP | DATE ACQUIRED | CURRENT GROSS FAIR MARKET VALUE | AMOUNT OF MONEY OWED OR ENCUMBRANCE |
|---|---|---|---|---|---|
| 11. | STOCKS, BONDS, SECURED NOTES, MUTUAL FUNDS *(Give certificate number and attach copy of the certificate or copy of latest statement.)* **See Attachment A** | | | $ | $ |
| 12. | RETIREMENT AND PENSIONS *(Attach copy of latest summary plan documents and latest benefit statement.)* **See Attachment A** | | | | |
| 13. | PROFIT - SHARING, ANNUITIES, IRAS, DEFERRED COMPENSATION *(Attach copy of latest statement.)* **See Attachment A** | | | | |
| 14. | ACCOUNTS RECEIVABLE AND UNSECURED NOTES *(Attach copy of each.)* **See Attachment A** | | | | |
| 15. | PARTNERSHIPS AND OTHER BUSINESS INTERESTS *(Attach copy of most current K-1 form and Schedule C.)* **See Attachment A** | | | | |
| 16. | OTHER ASSETS **See Attachment A** | | | | |
| 17. | TOTAL ASSETS FROM CONTINUATION SHEET | | | | |
| 18. | TOTAL ASSETS | | | $ | $ |

**SCHEDULE OF ASSETS AND DEBTS**
**(Family Law)**

| ITEM NO. | DEBTS—SHOW TO WHOM OWED | SEP. PROP. | TOTAL OWING | DATE INCURRED |
|---|---|---|---|---|
| 19. STUDENT LOANS *(Give details.)* **See Attachment A** | | | $ | |
| 20. TAXES *(Give details.)* **See Attachment A** | | | | |
| 21. SUPPORT ARREARAGES *(Attach copies of orders and statements.)* **See Attachment A** | | | | |
| 22. LOANS—UNSECURED *(Give bank name and loan number and attach copy of latest statement.)* **See Attachment A** | | | | |
| 23. CREDIT CARDS *(Give creditor's name and address and the account number. Attach copy of latest statement.)* **See Attachment A** | | | | |
| 24. OTHER DEBTS *(Specify.)*: **See Attachment A** | | | | |
| 25. TOTAL DEBTS FROM CONTINUATION SHEET | | | | |
| 26. TOTAL DEBTS | | | $ | |

27. ☐ *(Specify number):* _____ pages are attached as continuation sheets.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   Apr 1, 2022

**Robert Serafin**
_____
(TYPE OR PRINT NAME)

▶ *Robert Serafin*
Robert Serafin (Apr 1, 2022 13:31 PDT)
_____
(SIGNATURE OF DECLARANT)

Attachment A to Schedule of Assets and Debts

Marriage of Serafin

| NO. | DESCRIPTION | SEP. PROP. ACQUIRED | DATE ACQUIRED | CURRENT VALUE | MONEY OWED OR ENCUMBRANCE | NOTES |
|-----|-------------|---------------------|---------------|---------------|---------------------------|-------|
| | | ASSETS | | | | |

Page 1 of 5

Attachment A to Schedule of Assets and Debts

Marriage of Serafin

| NO. | DESCRIPTION | SEP. PROP. | DATE ACQUIRED | CURRENT VALUE | MONEY OWED OR ENCUMBRANCE | NOTES |
|-----|-------------|-----------|---------------|---------------|---------------------------|-------|
| | | | | | | |

Attachment A to Schedule of Assets and Debts

Marriage of Serafin

| NO. | DESCRIPTION | SEP. PROP. | DATE ACQUIRED | CURRENT VALUE | MONEY OWED OR ENCUMBRANCE | NOTES |
|-----|-------------|------------|---------------|---------------|---------------------------|-------|
|     |             |            |               |               |                           |       |

Attachment A to Schedule of Assets and Debts

Marriage of Serafin

| NO. | DESCRIPTION | SEP. PROP. | DATE ACQUIRED | CURRENT VALUE | MONEY OWED OR ENCUMBRANCE | NOTES |
|---|---|---|---|---|---|---|
| 15. | **Partnerships and Other Business Interests** *(Attach copy of most current K-1 form and Schedule C.)* | | | | | |
| a. | None to Husband's knowledge. | | | | | |
| a. | Realmark, Inc. | | | *TBD* | $0 | |

Attachment A to Schedule of Assets and Debts

Marriage of Serafin

# EXHIBIT 3

FL-300

| | |
|---|---|
| PARTY WITHOUT ATTORNEY OR ATTORNEY:                    STATE BAR NO.:<br>NAME: Ethan M. Weisinger 271657<br>FIRM NAME: Bay Area Family Law Center, Inc.<br>STREET ADDRESS: 1600 S. Main St., Suite 185<br>CITY: Walnut Creek          STATE: CA  ZIP CODE: 94596<br>TELEPHONE NO.: (925) 258-2020  FAX NO.: (925) 930-0212<br>E-MAIL ADDRESS: Ethan@baflc.com<br>ATTORNEY FOR (name): Robert Serafin | FOR COURT USE ONLY<br><br>F I L E D<br>MAY 11 2022<br>R. HEBER CLERK OF THE COURT<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By_____<br>J. Datto, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA
STREET ADDRESS: 751 Pine St.
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Family Law Center

PETITIONER: MADELINE SERAFIN
RESPONDENT: ROBERT SERAFIN
OTHER PARENT/PARTY:

| | |
|---|---|
| REQUEST FOR ORDER ☐ CHANGE ☒ TEMPORARY EMERGENCY ORDERS<br>☐ Child Custody  ☐ Visitation (Parenting Time) ☐ Spousal or Partner Support<br>☐ Child Support  ☐ Domestic Violence Order  ☐ Attorney's Fees and Costs<br>☐ Property Control ☒ Other (specify): See provision 8 herein.<br>Order Petitioner to Complete Declaration of Disclosure. | CASE NUMBER:<br>D21-02739 |

### NOTICE OF HEARING

1. TO (name(s)):  Madeline Serafin
   ☒ Petitioner  ☐ Respondent  ☐ Other Parent/Party  ☐ Other (specify):

2. A COURT HEARING WILL BE HELD AS FOLLOWS:

   | a. Date: 4/24/22 Time: 10:00 ☐ Dept.: 17 | ☐ Room: |
   |---|---|
   | b. Address of court ☐ same as noted above ☒ other (specify): Via Zoom | |

3. **WARNING to the person served with the *Request for Order*:** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. *(See form FL-320-INFO for more information.)*

   *(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)*

### COURT ORDER
(FOR COURT USE ONLY)

*It is ordered that:*

4. ☐ Time ☐ for service ☐ until the hearing  is shortened. Service must be on or before (date):

5. ☐ A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before (date):

6. ☐ The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows:
   (specify date, time, and location):

7. ☐ The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.

8. ☐ Other (specify):

Date: _____                        _____
                                                              JUDICIAL OFFICER

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-300 [Rev. July 1, 2016] | **REQUEST FOR ORDER** | Family Code, §§ 2045, 2107, 6224,<br>6226, 6320–6326, 6380–6383;<br>Government Code, § 26826<br>Cal. Rules of Court, rule 5.92<br>www.courts.ca.gov |
| CEB Essential Forms<br>ceb.com | | Page 1 of 4 |

Serafin, Robert

FL-300

| PETITIONER: MADELINE SERAFIN<br>RESPONDENT: ROBERT SERAFIN<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>D21-02739 |
|---|---|

## REQUEST FOR ORDER

**Note:** Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the form, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ RESTRAINING ORDER INFORMATION
   One or more domestic violence restraining/protective orders are now in effect between *(specify):*
   ☐ Petitioner  ☐ Respondent  ☐ Other Parent/Party  *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state):*
   a. ☐ Criminal: County/state *(specify):*   Case No. *(if known):*
   b. ☐ Family: County/state *(specify):*   Case No. *(if known):*
   c. ☐ Juvenile: County/state *(specify):*   Case No. *(if known):*
   d. ☐ Other: County/state *(specify):*   Case No. *(if known):*

2. ☐ CHILD CUSTODY
   ☐ VISITATION (PARENTING TIME)   ☐ I request temporary emergency orders
   a. I request that the court make orders about the following children *(specify):*

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc)*: | ☐ Physical Custody to *(person with whom child lives):* |
   |---|---|---|---|
   | ▬▬▬▬▬▬▬▬▬▬ | | | |

   ☐ Attachment 2a.

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:
      (1) ☐ Specified in the attached forms:
         ☐ Form FL-305  ☐ Form FL-311  ☐ Form FL-312  ☐ Form FL-341(C)
         ☐ Form FL-341(D)  ☐ Form FL-341(E)  ☐ Other *(specify):*
      (2) ☐ As follows *(specify):*   ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify):*   ☐ Attachment 2c.

   d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
      (1) ☐ The order for legal or physical custody was filed on *(date):*  . The court ordered *(specify):*

      (2) ☐ The visitation (parenting time) order was filed on *(date):*  . The court ordered *(specify):*

      ☐ Attachment 2d.

Serafin, Robert

FL-300

| PETITIONER: MADELINE SERAFIN | CASE NUMBER: |
| RESPONDENT: ROBERT SERAFIN | D21-02739 |
| OTHER PARENT/PARTY: | |

3. ☐ CHILD SUPPORT
   (Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195))
   a. I request that the court order child support as follows:

   <u>Child's name and age</u>       ☐ I request support for each       ☐ <u>Monthly amount ($) requested</u>
                                      child based on the child support guideline.    (if not by guideline)

   ████████████████████

                                                                    ☐ Attachment 3a.

   b. ☐ I want to change a current court order for child support filed on *(date):*
      The court ordered child support as follows *(specify):*

   c. I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed
      a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

   d. The court should make or change the support orders because *(specify):*       ☐ Attachment 3d.

4. ☐ SPOUSAL OR DOMESTIC PARTNER SUPPORT
   (Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)
   a. ☐ Amount requested *(monthly):* $
   b. ☐ I want the court to ☐ change ☐ end the current support order filed on *(date):*
      The court ordered $ _____ per month for support.
   c. ☐ This request is to modify (change) spousal or partner support after entry of a judgment.
      I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration
      that addresses the same factors covered in form FL-157.
   d. I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
   e. The court should make, change, or end the support orders because *(specify):*       ☐ Attachment 4e.

5. ☐ PROPERTY CONTROL                                          ☐ I request temporary emergency orders
   a. The ☐ petitioner ☐ respondent ☐ other parent/party   be given exclusive temporary use, possession, and
      control of the following property that we ☐ own or are buying ☐ lease or rent *(specify):*

   b. The ☐ petitioner ☐ respondent ☐ other parent/party   be ordered to make the following payments on debts
      and liens coming due while the order is in effect:

   Pay to: _____ For: _____ Amount: $ _____ Due date: _____
   Pay to: _____ For: _____ Amount: $ _____ Due date: _____
   Pay to: _____ For: _____ Amount: $ _____ Due date: _____
   Pay to: _____ For: _____ Amount: $ _____ Due date: _____

   c. ☐ This is a change from the current order for property control filed on *(date):*
   d. Specify in <u>Attachment 5d</u> the reasons why the court should make or change the property control orders.

CEB Essential
ceb.com Forms

Serafin, Robert

FL-300

| PETITIONER: MADELINE SERAFIN<br>RESPONDENT: ROBERT SERAFIN<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>D21-02739 |
|---|---|

6. ☐ **ATTORNEY'S FEES AND COSTS**
   I request attorney's fees and costs, which total *(specify amount):* $ _____ . I filed the following to support my request:
   a. A current *Income and Expense Declaration* (form FL-150).
   b. A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered in that form.
   c. A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the factors covered in that form.

7. ☐ **DOMESTIC VIOLENCE ORDER**

   > • Do not use this form to ask for domestic violence restraining orders! Read form DV-505-INFO, *How Do I Ask for a Temporary Restraining Order,* for forms and information you need to ask for domestic violence restraining orders.
   > • Read form DV-400-INFO, *How to Change or End a Domestic Violence Restraining Order* for more information.

   a. The *Restraining Order After Hearing* (form DV-130) was filed on *(date):*
   b. I request that the court ☐ change ☐ end    the personal conduct, stay-away, move-out orders, or other protective orders made in *Restraining Order After Hearing* (form DV-130). (*If you want to change the orders, complete 7c.)*
   c. ☐ I request that the court make the following changes to the restraining orders *(specify):*      ☐ Attachment 7c.


   d. I want the court to change or end the orders because *(specify):*      ☐ Attachment 7d.


8. ☒ **OTHER ORDERS REQUESTED** *(specify):*      ☐ Attachment 8.
   (1) The Court appoints a 730 expert to value and divide the business known as Realmark Inc; (2) Pending division of Realmark Inc. company profit shall be retained in the company and no personal expenses shall be run through the company; (3) Legitimate company write-offs and deductions shall be split between the parties; (4) Reimbursements to Petitioner shall be by

9. ☐ **TIME FOR SERVICE / TIME UNTIL HEARING**    I urgently need: agreement of the parties only.
   a. ☐ To serve the *Request for Order* no less than *(number):* _____ court days before the hearing.
   b. ☐ The hearing date and service of the *Request for Order* to be sooner.
   c. I need the order because *(specify):*      ☐ Attachment 9c.


10. ☒ **FACTS TO SUPPORT** the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission.      ☐ Attachment 10.
    Please see attached Declaration



I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: 5/10/2022

Robert Serafin
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

MARRIAGE OF SERAFIN
CASE # D21-02739

## ATTACHMENT TO REQUEST FOR ORDER

I, Robert Serafin, hereby declare:

1. I am the Respondent in the above-titled action.

2. If called as a witness in this matter, I could and would competently testify from my personal knowledge to the following facts and contentions.

3. I hereby submit the following facts and contentions in support of my request that the Court grant the following orders:

i. The company known as Realmark, Inc (a C-Corporation), shall be valued by one of the following accountants who shall be appointed as an expert of the court under California Evidence Code 730:

    a. Charlie Burak, CPA;

    b. Jeff Stegner, CPA;

    c. Leslie Dawson, CPA.

ii. The costs for the appraisal shall be paid from Realmark, Inc. and shall be a write-off for company legal fees.

iii. The terms of the appointment of the 730 expert shall be per the Order Appointing Accounting Expert, attached hereto as **Exhibit A.**

iv. Until the company is divided, any and all revenue, other than employee wages, shall be kept as retained earnings within the company. Petitioner shall not receive a wage increase until the company has been divided;

v. Until the company is divided, no reimbursements nor payments by the company directly to Petitioner shall be made without the approval and consent of Respondent.

Alternatively, such reimbursements shall be limited to $1,000 per year until division of the company.

vi. The 730 expert shall also determine any post-separation company income due to Respondent as a co-shareholder as well as calculating and reimbursing to Respondent any personal expenses run through the business.

vii. Petitioner shall be ordered to complete her Preliminary Declaration of Disclosure Form and the Court hereby schedules a Case Management Conference or schedules a Mandatory Settlement Conference.

<u>FACTS IN SUPPORT</u>

4. Petitioner and I were married on March 21, 2000.

5. In or about 2017, Petitioner and I created the company known as Realmark, Inc.  Realmark is a real estate brokerage and property consulting firm.

6. Since creation of the company, I have the official position of Secretary for Realmark.  I hold 49% of shares in my name and Petitioner holds 51% of shares in her name; however, all shares are community property and therefore both Petitioner and I are 50% owners of the company.

7. Our company revenue is over $300,000 per year.  However, like all company owners we do our utmost to write-off expenses and claim deductions wherever possible. Petitioner has been the managing spouse of the company and has all business records.  I have been precluded from receiving the business records and shut off from all company operations since date of separation.  Petitioner removed my company email, redirected company statements, and cut my access to client records and communications, despite the fact that I remain the company Secretary.  Petitioner has breached her fiduciary duty to me and violated my rights as a shareholder.  Petitioner also held a company meeting and voted to remove me as secretary without any notice to me as a joint shareholder and without any of

the necessary formalities of holding a shareholder meeting. This is a further violation of her fiduciary duty to me as a spouse and as a joint shareholder.

8. At this time, I do not desire to maintain my ownership interest in the company and request that Petitioner buy out my share. I request to be compensated for post-separation company revenue taken by Petitioner. I also request to be compensated for Petitioner running personal expenses through the company. As a corporate officer, I ask to be given the right to write-off part of my home mortgage, utilities, and other expenses. I ask that the 730 expert calculate the write-offs and permit me to have 50% of any corporate funds written off by Petitioner as reimbursed to me.

9. I ask that this court appoint a 730 accountant to value Realmark, divide the post-separation profits, reimburse me for the personal expenses taken by Petitioner, and to ensure that I receive my share of the write-offs for the company.

10. If this matter requires bifurcation, I request that the court bifurcate this issue so that the company can continue running without being hindered by the divorce process. I request to receive my share of profits immediately, as Petitioner has been taking company funds and violating my rights as a co-shareholder. The violations are illegal under law and need to be addressed immediately to avoid irreparable harm to me as Petitioner Diminishes the company assets and revenue by taking any and all profits.

11. Per the Order Appointing Accounting Expert, I ask that the accountants report be received into evidence without foundation (anti-Sanchez language) and I ask that any documents requested by the expert shall be provided within 20 days of a written request.

12. Finally, Petitioner has neglected to complete her Preliminary Declaration of Disclosure. I request that Petitioner be ordered to do so. I further request that the court schedule either a Case Management Conference or a Mandatory Settlement Conference to progress this case.

ALA FL-004

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ethan M. Weisinger 271657<br>Bay Area Family Law Center, Inc.<br>1600 S. Main St., Suite 185<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (925) 258-2020  FAX NO. *(Optional):* (925) 930-0212<br>E-MAIL ADDRESS *(Optional):* Ethan@baflc.com<br>ATTORNEY FOR *(Name):* Robert Serafin | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS: 751 Pine St.
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Family Law Center

PETITIONER/PLAINTIFF: MADELINE SERAFIN
RESPONDENT/DEFENDANT: ROBERT SERAFIN
OTHER:

| **ORDER APPOINTING ACCOUNTING EXPERT**<br>☐ **By Stipulation**  ☐ **After Hearing** | CASE NUMBER:<br>D21-02739 |
|---|---|

☐ This proceeding was heard on *(date):*     at *(time):*     in Dept.:
by Judge *(name):*      ☐ Temporary Judge
 ☐ Petitioner present      ☐ Attorney present *(name):*
 ☐ Respondent present      ☐ Attorney present *(name):*
 ☐ Other present      ☐ Attorney present *(name):*
on the Order to Show Cause or motion filed on *(date):*      by *(name):*

☐ By stipulation of the parties attached hereto (no appearance).

Good cause appearing, **THE COURT ORDERS:**

1. Appointment of expert

   *(Name):*      *(E-mail):*
   *(Address):*      *(Telephone):*
         *(Fax):*

   is appointed as the court's expert under Evidence Code section 730. The expert must be impartial and must function at the request of the court and pursuant to this court order. The expert is deemed qualified to perform the following tasks and must do so, provided that the parties comply with the provisions set forth below regarding compensation and documents and information and subject to the provision regarding withdrawal.

2. Expert's tasks
   a. ☐ Provide an analysis of cash flow available for support for
      (1) ☐ Petitioner
      (2) ☐ Respondent
   b. ☐ Perform an analysis of the community property interest in the business known as *(specify):*     as
      of the most practical date nearest *(specify):*
   c. ☐ Prepare a valuation of the community interest in stock options or other forms of money interests, such as bonds, notes, mutual funds, and retirement and pension plans, in *(specify):*

   d. ☐ Calculate the income tax consequences of *(specify):*

Form Approved for Optional Use
Superior Court of California,
County of Alameda
ALA FL-004 [New January 1, 2008]

CEB | Essential Forms
ceb.com

**ORDER APPOINTING ACCOUNTING EXPERT**

Evid. Code § 730


Serafin, Robert

Ex # A

ALA FL-004

| PETITIONER/PLAINTIFF: MADELINE SERAFIN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: ROBERT SERAFIN | D21-02739 |

e. ☐ Calculate the community and separate property interest in real property located at *(address):*

f. ☐ Prepare a written tracing of *(specify):*

g. ☐ Prepare an analysis of ☐ petitioner's ☐ respondent's separate property claims relating to *(specify):*

h. ☐ Prepare an analysis of ☐ petitioner's ☐ respondent's reimbursement claims for *(specify):*

i. ☐ Calculate ☐ child ☐ spousal support arrearages including interest due.
j. ☐ Assist with settlement.
k. ☐ Other:

3. Compensation
   a. A retainer of $ _____ must be paid within 15 days of the date of this order and will be applied to the final invoice.
   Any unused portion of the retainer will be refunded by expert at the conclusion of expert's services.
   (1) ☐ Petitioner to pay $ _____ within *(specify number of days):*
       ☐ Respondent to pay $ _____ within *(specify number of days):*
   (2) ☐ Petitioner to pay the following percent of the expert's retainer *(specify %):* _____ within *(days):*
       ☐ Respondent to pay the following percent of the expert's retainer *(specify %):* _____ within *(days):*
   (3) ☐ Other *(specify compensation terms):*

   b. ☐ Court retains jurisdiction to order a different allocation of payment of the retainer, as between parties.
   c. The billed amount must be paid on a timely basis as follows:
   (1) ☐ The petitioner to pay *(specify %):*
   (2) ☐ The respondent to pay *(specify %):*
   (3) ☐ Other:

   d. ☐ The court retains jurisdiction to order a different allocation of payment of billed amounts between parties.
   e. The expert may request that the parties execute a fee schedule or engagement agreement before accepting the assignment contained in this order.

4. Documents and Information
   a. The parties must provide all records requested by the expert, within 20 days of receipt of a written request.
   b. Each party must provide responses to questions propounded by the expert within 10 days.
   c. If requested by the expert, the parties must provide written authorization directing third parties to provide documents, records, or other information.

5. Communication
   a. The expert may contact any party or attorney on an ex parte basis. In the event that an attorney for any party, or any party, communicates with the expert in writing, a copy of the communication must be provided to the other party at the same time.
   b. The attorneys must notify the expert of all court dates. The expert may communicate by telephone with either party regarding the scheduling of meetings or hearings and the status of the expert's work.

CEB® | Essential
ceb.com | [E] Forms™

Serafin, Robert

ALA FL-004

| PETITIONER/PLAINTIFF: MADELINE SERAFIN | CASE NUMBER: |
| RESPONDENT/DEFENDANT: ROBERT SERAFIN | D21-02739 |

6. Disputes

   a. The expert may initiate contact with the court to obtain the court's assistance in resolving disputes related to the completion of the expert's assignment, including, but not limited to, the production of documents, the scope of the assignment, scheduling of court appearances, the payment of the expert's fees, access and entrance to property or any issue related to a violation of this order.

   b. Prior to initiating such contact with the court, the expert must give written notice to each party at least two business days prior to contacting the court of the nature of the dispute and the expert's intention to notify the court.

   c. Contact by the expert with the court will be by letter, by telephone conference call, by declaration, or by motion filed by the expert as the court orders.

   d. Any written communication sent to the court must be provided to the other party at the same time.

7. Reporting

   a. The expert may provide a status report to the court at any time. The status report must be provided to both parties at the same time as it is provided to the court.

   b. The parties must meet with the expert when the report is completed.

   c. Instead of meeting with the parties when the report is completed, the expert may distribute a draft report to the parties.

   d. The parties must submit any objections to the findings and conclusions, any additional factual information they believe the expert should consider, or note any errors they believe the expert has made within ten days unless the expert agrees to provide additional time, which may not exceed 30 days.

   e. The expert's final report must be sent to the court and copies provided to the parties, provided that the parties have complied with the provisions of this order, including the compensation and documents and information provisions.

   f. ☐ The expert's final report will be admitted into evidence at any hearing or trial in this matter, over any hearsay and foundation objections, subject to cross-examination.

   g. If either party wishes to cross-examine the expert, that party must give expert at least five business days written notice and must advance the fees requested by expert to prepare for and appear at the hearing, subject to reimbursement or reallocation by the court. Fees for preparing and appearing, as requested by expert must be paid at least two business days before the appearance.

   h. If at any point the provisions regarding compensation of this order, or any engagement agreement between the parties and the expert, have not been complied with, the expert may stop all work and not issue a draft or final report.

8. Enforcement by expert

   The expert may bring a motion in this action to enforce the provisions of this order.

9. Withdrawal of the expert

   a. The expert may withdraw at any time as a result of the failure of a party to comply with the terms of this order or at any time the expert determines that the expert cannot complete the assignment. The expert must notify the court and the parties in writing of the facts that form the basis of the need to withdraw.

   b. Fees earned up until the time of withdrawal are due to expert.

10. Commencement of work

   The expert is not required to begin work until the expert has been served with a copy of this order.

11. Duty of parties if expert is unavailable

   The parties must promptly advise the court if the expert is unable or unwilling to accept the appointment.

12. ☐ A hearing is set for

   (date)        at (time):        in Dept.

Date: _____

_____
(JUDICIAL OFFICER)


ceb.com | Essential Forms

Serafin, Robert

ALA FL-004

| PETITIONER/PLAINTIFF: MADELINE SERAFIN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: ROBERT SERAFIN | D21-02739 |

## STIPULATION FOR ENTRY OF ORDER

The parties stipulate that the court may enter the foregoing as an order, each party waiving the right to request a statement of decision, the right to notice of entry, and the right to appeal.

Date:

MADELINE SERAFIN ► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PETITIONER)

Date:

ROBERT SERAFIN ► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF RESPONDENT)

Approved as to form and content:

Date:

► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR PETITIONER)

Date:

► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR RESPONDENT)

ALA FL-004 [New January 1, 2008]          **ORDER APPOINTING ACCOUNTING EXPERT**          Page 4 of 4

CEB | Essential
ceb.com | Forms

Serafin, Robert

# EXHIBIT 4

RECEIVED TO D17 ON 07/12/22

ALA FL-004

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ethan M. Weisinger 271657<br>Bay Area Family Law Center, Inc.<br>1600 S. Main St., Suite 185<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (925) 258-2020   FAX NO. *(Optional):* (925) 930-0212<br>E-MAIL ADDRESS *(Optional):* Ethan@baflc.com<br>ATTORNEY FOR *(Name):* Robert Serafin | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS: 751 Pine St.
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Family Law Center

PETITIONER/PLAINTIFF: MADELINE SERAFIN
RESPONDENT/DEFENDANT: ROBERT SERAFIN
OTHER:

**F I L E D**

AUG 03 2022

W. BEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By:_____
R. Espiritu, Deputy Clerk

| AMENDED   ORDER APPOINTING ACCOUNTING EXPERT<br>☒ By Stipulation   ☐ After Hearing | CASE NUMBER:<br>D21-02739 |
|---|---|

☐ This proceeding was heard on *(date):* _____ at *(time):* _____ in Dept.:

by Judge *(name):* _____

☐ Petitioner present
☐ Respondent present
☐ Other present
on the Order to Show Cause or motion filed on *(date):*

☐ Temporary Judge
☐ Attorney present *(name):*
☐ Attorney present *(name):*
☐ Attorney present *(name):*
by *(name):*

☒ By stipulation of the parties attached hereto (no appearance).

____ cause appearing, THE COURT ORDERS:

1. **Appointment of expert**

   *(Name):* Natalie McFarlin
   *(Address):* 2855 Mitchell Dr., Suite 223,
   Walnut Creek, CA 94598

   *(E-mail):* natalie@stegnercpas.com
   *(Telephone):* (925) 203-5011
   *(Fax):*

   is appointed as the court's expert under Evidence Code section 730. The expert must be impartial and must function at the request of the court and pursuant to this court order. The expert is deemed qualified to perform the following tasks and must do so, provided that the parties comply with the provisions set forth below regarding compensation and documents and information and subject to the provision regarding withdrawal.

2. **Expert's tasks**

   a. ☒ Provide an analysis of cash flow available for support for
      (1) ☒ Petitioner
      (2) ☒ Respondent

   b. ☒ Perform an analysis of the community property interest in the business known as *(specify):* Realmark, Inc. as of the most practical date nearest *(specify):* present date.

   c. ☐ Prepare a valuation of the community interest in stock options or other forms of money interests, such as bonds, notes, mutual funds, and retirement and pension plans, in *(specify):*

   d. ☐ Calculate the income tax consequences of *(specify):*

CEB | Essential
ceb.com | 📄Forms

ORDER APPOINTING ACCOUNTING EXPERT

Serafin, Robert

**ALA FL-004**

| PETITIONER/PLAINTIFF: MADELINE SERAFIN<br>RESPONDENT/DEFENDANT: ROBERT SERAFIN | CASE NUMBER:<br>D21-02739 |
|---|---|

e. ☐ Calculate the community and separate property interest in real property located at *(address):*

f. ☐ Prepare a written tracing of *(specify):*

g. ☐ Prepare an analysis of ☐ petitioner's ☐ respondent's separate property claims relating to *(specify):*

h. ☐ Prepare an analysis of ☐ petitioner's ☐ respondent's reimbursement claims for *(specify):*

i. ☐ Calculate ☐ child ☐ spousal support arrearages including interest due.
j. ☐ Assist with settlement.
k. ☐ Other:

3. Compensation
   a. A retainer of $ _____ must be paid within 15 days of the date of this order and will be applied to the final invoice. Any unused portion of the retainer will be refunded by expert at the conclusion of expert's services.
   (1) ☐ Petitioner to pay $ _____ within *(specify number of days):*
       ☐ Respondent to pay $ _____ within *(specify number of days):*
   (2) ☐ Petitioner to pay the following percent of the expert's retainer *(specify %):* _____ within *(days):*
       ☐ Respondent to pay the following percent of the expert's retainer *(specify %):* _____ within *(days):*
   (3) ☐ Other *(specify compensation terms):*

   b. ☐ Court retains jurisdiction to order a different allocation of payment of the retainer, as between parties.
   c. The billed amount must be paid on a timely basis as follows:
   (1) ☐ The petitioner to pay *(specify %):*
   (2) ☐ The respondent to pay *(specify %):*
   (3) ☐ Other:

   d. ☐ The court retains jurisdiction to order a different allocation of payment of billed amounts between parties.
   e. The expert may request that the parties execute a fee schedule or engagement agreement before accepting the assignment contained in this order.

4. Documents and Information
   a. The parties must provide all records requested by the expert, within 20 days of receipt of a written request.
   b. Each party must provide responses to questions propounded by the expert within 10 days.
   c. If requested by the expert, the parties must provide written authorization directing third parties to provide documents, records, or other information.

5. Communication
   a. The expert may contact any party or attorney on an ex parte basis. In the event that an attorney for any party, or any party, communicates with the expert in writing, a copy of the communication must be provided to the other party at the same time.
   b. The attorneys must notify the expert of all court dates. The expert may communicate by telephone with either party regarding the scheduling of meetings or hearings and the status of the expert's work.

CEB | Essential
ceb.com | Forms

Serafin, Robert

ALA FL-004

| PETITIONER/PLAINTIFF: MADELINE SERAFIN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT:ROBERT SERAFIN | D21-02739 |

6. Disputes

   a. The expert may initiate contact with the court to obtain the court's assistance in resolving disputes related to the completion of the expert's assignment, including, but not limited to, the production of documents, the scope of the assignment, scheduling of court appearances, the payment of the expert's fees, access and entrance to property or any issue related to a violation of this order.

   b. Prior to initiating such contact with the court, the expert must give written notice to each party at least two business days prior to contacting the court of the nature of the dispute and the expert's intention to notify the court.

   c. Contact by the expert with the court will be by letter, by telephone conference call, by declaration, or by motion filed by the expert as the court orders.

   d. Any written communication sent to the court must be provided to the other party at the same time.

7. Reporting

   a. The expert may provide a status report to the court at any time. The status report must be provided to both parties at the same time as it is provided to the court.

   b. The parties must meet with the expert when the report is completed.

   c. Instead of meeting with the parties when the report is completed, the expert may distribute a draft report to the parties.

   d. The parties must submit any objections to the findings and conclusions, any additional factual information they believe the expert should consider, or note any errors they believe the expert has made within ten days unless the expert agrees to provide additional time, which may not exceed 30 days.

   e. The expert's final report must be sent to the court and copies provided to the parties, provided that the parties have complied with the provisions of this order, including the compensation and documents and information provisions.

   f. ☐ The expert's final report will be admitted into evidence at any hearing or trial in this matter, over any hearsay and foundation objections, subject to cross-examination.

   g. If either party wishes to cross-examine the expert, that party must give expert at least five business days written notice and must advance the fees requested by expert to prepare for and appear at the hearing, subject to reimbursement or reallocation by the court. Fees for preparing and appearing, as requested by expert must be paid at least two business days before the appearance.

   h. If at any point the provisions regarding compensation of this order, or any engagement agreement between the parties and the expert, have not been complied with, the expert may stop all work and not issue a draft or final report.

8. Enforcement by expert

   The expert may bring a motion in this action to enforce the provisions of this order.

9. Withdrawal of the expert

   a. The expert may withdraw at any time as a result of the failure of a party to comply with the terms of this order or at any time the expert determines that the expert cannot complete the assignment. The expert must notify the court and the parties in writing of the facts that form the basis of the need to withdraw.

   b. Fees earned up until the time of withdrawal are due to expert.

10. Commencement of work

   The expert is not required to begin work until the expert has been served with a copy of this order.

11. Duty of parties if expert is unavailable

   The parties must promptly advise the court if the expert is unable or unwilling to accept the appointment.

12. ☐ A hearing is set for

   *(date)*                          at *(time):*                          in Dept.

Date: _____

_____
(JUDICIAL OFFICER)

CEB® Essential Forms®
ceb.com

Serafin, Robert

ALA FL-004

| PETITIONER/PLAINTIFF: MADELINE SERAFIN | CASE NUMBER: |
| RESPONDENT/DEFENDANT:ROBERT SERAFIN | D21-02739 |

### STIPULATION FOR ENTRY OF ORDER

The parties stipulate that the court may enter the foregoing as an order, each party waiving the right to request a statement of decision, the right to notice of entry, and the right to appeal.

Date: 7/12/2022

MADELINE SERAFIN
(TYPE OR PRINT NAME)

► _Madb-S_
(SIGNATURE OF PETITIONER)

Date: 07/12/2022

ROBERT SERAFIN
(TYPE OR PRINT NAME)

► _Robert Serafin_
Robert Serafin (Jul 12, 2022 11:11 PDT)
(SIGNATURE OF RESPONDENT)

Approved as to form and content:

Date: 7/12/2022

VICTOR POREE
(TYPE OR PRINT NAME)

► 
(SIGNATURE OF ATTORNEY FOR PETITIONER)

Date: 7/12/2022

ETHAN M. WEISINGER
(TYPE OR PRINT NAME)

► 
(SIGNATURE OF ATTORNEY FOR RESPONDENT)

CEB Essential
ceb.com eForms

Serafin, Robert

# SERAFIN-AMENDED ORDER APPT. EXPERT_NATALIE MCFARLIN

Final Audit Report

2022-07-12

| | |
|---|---|
| Created: | 2022-07-12 |
| By: | Moselle Herbert (moselle@baflc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAePeh68ckKmrqYyEmMTPtmBZm6nS9VlAi |

## "SERAFIN-AMENDED ORDER APPT. EXPERT_NATALIE MCFARLIN" History

🗒 Document created by Moselle Herbert (moselle@baflc.com)
2022-07-12 - 3:14:41 PM GMT

📧 Document emailed to bobby8020@yahoo.com for signature
2022-07-12 - 3:15:17 PM GMT

🗒 Email viewed by bobby8020@yahoo.com
2022-07-12 - 6:41:06 PM GMT

✍️ Document e-signed by Robert Serafin (bobby8020@yahoo.com)
Signature Date: 2022-07-12 - 6:41:53 PM GMT - Time Source: server

✅ Agreement completed.
2022-07-12 - 6:41:53 PM GMT



# EXHIBIT 5

Richard A. Lapping, State Bar No. 107496
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 200-9407
Facsimile: (415) 651-9004
Richard@LappingLegal.com

Attorneys for Charmaine S. Burden

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHARMAINE S. BURDEN, an individual,

Plaintiff,

v.

ROBERT SERAFIN, an individual, and

MADELINE SERAFIN, an individual

Defendants.

CASE NO.: 3:22-cv-3479

**COMPLAINT**

Charmaine S. Burden, an individual ("Plaintiff"), for her complaint against defendants Robert Serafin and Madeline Serafin, alleges:

## JURISDICTION AND VENUE

1.  Plaintiff is a citizen of New York. Defendants reside in and are citizens of California. The amount in controversy, exceeds the sum of $75,000, exclusive of interest and costs, as specified in 28 U.S.C. § 1332.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants each reside in Contra Costa County, California.

## PARTIES

3.  Plaintiff and Defendant Robert Serafin are sister and brother. Defendants Robert Serafin and Madeline Serafin are husband and wife but separated.

1

1

**GENERAL ALLEGATIONS**

2  4.  On or about March 20, 2002, Defendant Robert Serafin executed and delivered a

3  promissory note (the "Promissory Note") payable to Plaintiff in the principal amount of

4  $290,000, which sum had been advanced by Plaintiff to Defendant Robert Serafin as a loan.  A

5  true copy of the Promissory Note is attached hereto as Exhibit A and incorporated by reference.

6  5.  The Promissory Note became due upon the earlier of March 20, 2012, or six

7  months after the last to die of Defendant Robert Serafin's parents.

8  6.  The Promissory Note provided that as additional protection to Plaintiff,

9  Defendant Robert Serafin would enter into a mortgage agreement.

10  7.  On May 21, 2002, Defendant Robert Serafin executed a mortgage (the

11  "Mortgage") dated as of March 20, 2002, with respect to real property located at 249 Lyndhurst

12  Place, San Ramon, California (the "Property"). A true copy of the Mortgage is attached hereto

13  as Exhibit B and incorporated by reference.

14  8.  The Mortgage has never been recorded in the real property records of Contra

15  Costa County where the Property is located.

16  9.  The obligation under the Promissory Note came due on March 20, 2012. As a

17  result, Defendant Robert Serafin was in default in that no payments had ever been made to

18  Plaintiff at any time.

19  10.  On March 28, 2012, Defendant Robert Serafin executed an amendment and

20  modification to the Promissory Note (the "Amendment"). A true copy of the Amendment is

21  attached hereto as Exhibit C and incorporated by reference. The Promissory Note, the

22  Mortgage, and the Amendment are collectively referred to herein as the "Loan Documents")

23  11.  Under the Amendment, Plaintiff agreed to extend the term of the loan by five

24  years to March 23, 2017, in return for Defendant Robert Serafin's agreement to increase the

25  principal amount, increase the interest rate, and to pay other penalties when and as further

26  defaults occurred.

27  12.  The Amendment further provided that the obligations under the Loan Documents

28  continued to be secured by the Mortgage.

2

13. No payments have been made to Plaintiff of any obligation arising under the Loan Documents at any time and the Amendment is now in default.

14. The Loan Documents each contain a provision for the recovery by Plaintiff of her attorneys' fees and costs in pursuing collection of the obligations thereunder.

15. Plaintiff is informed and believes, and thereon alleges that Defendant Madeline Serafin claims a community property or other interest in the Property and that the obligations arising under the Loan Documents constitute a community debt arising from the marriage of Defendants Robert Serafin and Madeline Serafin, and incurred for the common interest of the spouses.

## FIRST CLAIM FOR RELIEF

## IMPOSITION OF EQUITABLE LIEN

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. By reason of the express intention set forth in the Loan Documents that Plaintiff should have a lien against the Property to secure the obligations owed to her, Plaintiff is entitled to a declaration that imposes an equitable lien in her favor against the Property to secure payment of the obligations arising under the Loan Documents.

## SECOND CLAIM FOR RELIEF

## JUDICIAL FORECLOSURE OF EQUITABLE LIEN

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 and 17 of this Complaint as though fully set forth herein.

19. The Property on which Plaintiff seeks foreclosure is located at 249 Lyndhurst Place, San Ramon, California, and is a single family residence. The legal description of the Property is contained in the Mortgage attached as Exhibit B and incorporated in this complaint by reference. The assessor's parcel number is 209-950-005.

20. Defendant Madeline Serafin has, or claims to have, some interest in the Property, which interest is subsequent to and subject to that of Plaintiff.

21. By the terms of the Loan Documents, Defendants Robert Serafin and Madeline Serafin are obligated for payment of all principal, interest and other sums due under the Amendment, which came due on March 23, 2017. Defendants have wholly failed, neglected, and refused to pay the obligations now due.

22. The amount due Plaintiff consists of principal, interest and penalties in the aggregate amount of $6,580,000, plus interest from May 23, 2022. Additional interest will accrue to the date of entry of judgment in this action.

**WHEREFORE,** Plaintiff demands judgment as follows:

1. That the court enter its judgment declaring that Plaintiff is awarded an equitable lien (the "Equitable Lien") against the Property to secure payment of the obligations owed to her by Defendants Robert Serafin and Madeline Serafin.

2. That the court enter its judgment declaring that the rights, claims, ownership, liens, titles, and demands of Defendants Robert Serafin and Madeline Serafin and each of them, are subject, subsequent, and subordinate to the Equitable Lien.

3. That the court enter a money judgment against Defendants Robert Serafin and Madeline Serafin, and each of them, for:

a. The sum of $6,580,000, principal, interest and penalties, together with interest from May 23, 2022, to the date of judgment, according to proof;

b. Plaintiff's costs of this action and reasonable attorney fees; and

c. Additional sums, if any, that Plaintiff hereafter expends to protect her security interest in the Property, together with interest, according to proof.

4. That the court order, adjudge, and decree that the Equitable Lien be foreclosed; that the Property be sold according to law by the county sheriff or a court-appointed receiver; that the proceeds of the sale be applied in payment of the amounts due to Plaintiff; and that Defendants Robert Serafin and Madeline Serafin, and all persons claiming under them following the grant of the Equitable Lien on March 20, 2002, as lien claimants, judgment creditors, claimants under a junior deed of trust, purchasers, encumbrancers, or otherwise, be barred and

1    foreclosed from all rights, claims, interests, or equity of redemption in the subject property when

2    time for redemption has elapsed.

3       5.      That the court award plaintiff judgment and execution against Defendants Robert

4    Serafin and Madeline Serafin, and each of them, for any deficiency that may remain after

5    applying all proceeds of the sale of the subject property duly applicable to satisfy the amounts

6    found due by the court under paragraph 3 of this demand for judgment.

7       6.      That the Court order, adjudge, and decree that Plaintiff or any other party to this

8    action may purchase the subject property at the foreclosure sale, that when the time for

9    redemption has elapsed the sheriff or receiver execute a deed to the purchaser of the property at

10    the sale, and that the purchaser be given possession of the property on production of the sheriff's

11    or receiver's deed.

12       7.      That the Court award all other appropriate and just relief.

13

14    Dated: June 13, 2022               TRODELLA & LAPPING LLP

15

16                               By:   /s/ *Richard A. Lapping*

17                                  Richard A. Lapping
                                 Attorneys for Plaintiff Charmaine S. Burden

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARMAINE S. BURDEN,

Plaintiff,

v.

ROBERT SERAFIN, et al.,

Defendants.

Case No. 22-cv-03479-DMR

**ORDER RE MOTION TO STAY**

Re: Dkt. No. 46

Plaintiff Charmaine S. Burden alleges that her sibling, Robert Serafin ("R. Serafin"), defaulted on a loan she made to him on March 20, 2002. The loan was secured by a mortgage on a property located in San Ramon, California. Plaintiff seeks the imposition of an equitable lien against the property, a judicial foreclosure, and to recover the balance of the debt owed. She alleges that Defendants R. Serafin and Madeline Serafin ("M. Serafin") are married but separated, and that M. Serafin "has, or claims to have, some interest" in the property at issue. [Docket No. 1 ("Compl.") ¶¶ 3, 20.] M. Serafin now moves to stay this action pending resolution of Defendants' dissolution of marriage proceedings. [Docket Nos. 46 ("Mot."); 52 ("Reply").] Plaintiff opposed (Docket No. 50 ("Opp'n")) and R. Serafin did not respond. This matter is suitable for determination without oral argument. Civ. L. R. 7-1(b). M. Serafin's motion is granted.

I.     **FACTUAL BACKGROUND**[1]

On March 20, 2002, Plaintiff loaned R. Serafin $290,000 in exchange for a promissory

---

[1] Plaintiff's opposition brief "incorporates by reference" pages 8 through 12 of her previously filed motion for partial summary judgment (Docket No. 47) and paragraphs 12 through 14 of her declaration in support of that motion (Docket No. 47-1). *See* Notice of Motion. Her declaration is filed "without the voluminous exhibits" even though the opposition brief cites to several documents in support of Plaintiff's recitation of "undisputed facts." *See id.* On April 3, 2023, the court denied without prejudice Plaintiff's motion for partial summary judgment, explaining that it

United States District Court
Northern District of California

1  note. Compl. ¶ 4.  Under the note, R. Serafin was to enter a mortgage as an additional protection

2  to Plaintiff. *Id.* ¶ 6.  On May 21, 2002, R. Serafin executed a mortgage on a property located in

3  San Ramon, California (the "Property") but never recorded it. *Id.* ¶¶ 7, 8.  The promissory note

4  came due on March 20, 2012, and R. Serafin did not pay Plaintiff. *Id.* ¶ 9.  Instead, on March 28,

5  2012, R. Serafin executed an amendment to the promissory note extending the term of the loan to

6  March 23, 2017 in exchange for increasing the loan's principal amount and the interest rate, and

7  paying additional penalties as further defaults occurred. *Id.* ¶¶ 10, 11.  The loan continued to be

8  secured by the mortgage under the amendment. *Id.* ¶ 12.  Plaintiff alleges that M. Serafin claims a

9  community property or other interest in the Property. *Id.* ¶ 15.  No payments have been made to

10  Plaintiff to-date and the loan is now again in default. *Id.* ¶ 13.  Plaintiff seeks the imposition of an

11  equitable lien against the Property and a judicial foreclosure of the lien. *Id.* at 4.  She also requests

12  that the court declare Defendants' rights, claims, ownership, liens, titles and demands subject,

13  subsequent, and subordinate to the equitable lien, and that the court enter a money judgment

14  against Defendants for $6,580,000. *Id.*

15        In support of her opposition to M. Serafin's motion to stay the case, Plaintiff provides

16  additional facts which she claims are undisputed. *See* Opp'n at 3.  Plaintiff asserts that when she

17  made the $290,000 loan to R. Serafin, M. Serafin knew that Plaintiff and her husband had

18  advanced these funds to R. Serafin to assist with his purchase of the Property.  Opp'n at 4.

19  Plaintiff further contends that, when R. Serafin executed the mortgage on the Property, he owned

20  it as "his sole separate property." *Id.*  Plaintiff claims that R. Serafin obtained funds to purchase

21  the Property by selling a house located in Moraga, California in 1995 (the "Moraga House"),

22  while he was not yet married to M. Serafin. *Id.*  She further asserts that R. Serafin and M. Serafin

23  established a family trust on May 18, 2001, which provides in relevant part: "All separate and

24  quasi-community property shall remain the separate or quasi-community property, respectively, of

25

26  ────────────────

27  was premature and that determination of the instant motion to stay (filed prior to Plaintiff's motion for partial summary judgment) would likely affect the ruling on Plaintiff's early motion. [Docket No. 51.]  Plaintiff cites no authority permitting the court to consider the exhibits attached to her

28  motion for partial summary judgment.  As the court's decision on the motion does not rely on the additional factual assertions in Plaintiff's opposition, the court need not decide the issue.

2

United States District Court
Northern District of California

1   the contributing settlor." *Id.* at 5.  Finally, Plaintiff contends that she sent an email to R. Serafin

2   copying M. Serafin on February 19, 2013 (the "email"), writing: "We gave you guys 300 grand to

3   buy your house and for it to be equalized in mom and dads (sic) will.  I hate to state the obvious

4   but Mom and dad have no financial planning and their only asset is that house and it will be used

5   as their life savings." *Id.*  On January 8, 2014, R. Serafin replied "in a long and vitriolic email,"

6   stating in part: "I now see you only arranged the loan for the house back then so you can use it as a

7   pretext to steal my entire $2M inheritance." *Id.*

8       R. Serafin admits all general allegations described in paragraphs 4 through 15 of Plaintiff's

9   complaint; he seeks to enter into an agreement with Plaintiff to settle this matter.  [*See* Docket No.

10  16 (R. Serafin's Answer to the Complaint).]

11      M. Serafin, on the other hand, disputes Plaintiff's characterization of the facts.  *See* Mot. at

12  2-4.  First, she asserts that she and R. Serafin are involved in marriage dissolution proceedings

13  currently pending in the Superior Court of California, Contra Costa County.[2]  [*See* Docket No. 46-

14  1 (James G. Schwartz Decl., March 17, 2023) ¶ 2, Ex. A (M. Serafin's petition for dissolution of

15  marriage filed on July 19, 2021).]  In addition, she claims that there are several factual questions

16  regarding Defendants' ownership in the Property[3] and whether the $290,000 was a gift to

17  Defendants or a loan to R. Serafin.  *See* Opp'n at 4.  M. Serafin contends that the email from

18  Plaintiff to R. Serafin proves that the funds were a gift.  *Id.* at 3 (quoting the email: "...*We gave*

19  *you guys 300 grand to buy the house and for it be equalized in mom and dads (sic) will.*"

20  (emphasis in original)).  She also asserts that she was not aware of the promissory note between

21  Plaintiff and R. Serafin until she filed for divorce.  *Id.*  She explains that R. Serafin refinanced the

22  Property five times during their marriage, but never disclosed that he received a loan from Plaintiff

23  in refinancing documents.  *Id.*  M. Serafin further claims that the Moraga House was transferred to

24

25  [2] Plaintiff does not appear to dispute that Defendants are parties to ongoing dissolution
    proceedings.  *See* Opp'n at 3.

26
    [3] Plaintiff does not dispute that both R. Serafin and M. Serafin have at least some interest in the
27  Property.  *See* Compl. ¶ 15 ("Plaintiff . . . alleges that Defendant Madeline Serafin claims a
    community property or other interest in the Property and that the obligations arising under the
28  Loan Documents constitute a community debt arising from the marriage of Defendants Robert
    Serafin and Madeline Serafin, and incurred for the common interest of the spouses.").

1   her and R. Serafin as community property in July 2002, and that the Property was purchased with

2   proceeds from the sale of the House in addition to Plaintiff's $290,000 gift. *Id.* at 3.  According to

3   M. Serafin, all of the Property's expenses, including mortgage payments, taxes, insurance, and

4   maintenance fees were paid out of community property funds. *Id.*  Ultimately, M. Serafin

5   contends that Plaintiff and R. Serafin have "conspired to come up with a scheme about the loan in

6   order to take away all of Madeline's community property rights in the divorce." *Id.*

7   ## II.   PROCEDURAL BACKGROUND

8         Plaintiff initiated this action in federal court against Defendants on June 13, 2022. R.

9   Serafin and M. Serafin subsequently filed cross-complaints against one another. [Docket Nos. 15,

10   21.] On August 18, 2022, Plaintiff sought to sever both cross-complaints pursuant to Federal Rule

11   of Civil Procedure 21. [Docket No. 22.] M. Serafin also moved to dismiss several counts in R.

12   Serafin's cross-complaint. [Docket No. 26.] On November 14, 2022, the court severed M. Serafin

13   and R. Serafin's cross-complaints and dismissed the actions without prejudice to refiling in state

14   court. [Docket No. 39.] The court denied M. Serafin's motion to dismiss as moot. On March 17,

15   2023, M. Serafin filed the instant motion seeking to stay the action pending the outcome of

16   Defendants' dissolution of marriage proceedings.

17   ## III.   DISCUSSION

18         In her motion, M. Serafin identifies three possible grounds for abstention: (1) the domestic

19   relations exception to federal jurisdiction under *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); (2)

20   *Burford* abstention; and (3) *Younger* abstention. Because the court finds that abstention is

21   appropriate under *Ankenbrandt*, it does not reach M. Serafin's additional arguments.[4]

22         The domestic relations exception "divests the federal court of diversity jurisdiction only in

23   'cases involving the issuance of a divorce, alimony, or child custody decree.'" *Bailey v.*

24   *MacFarland*, 5 F.4th 1092, 1095 (9th Cir. 2021) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689,

25   704 (1992)). Under *Ankenbrandt*, courts must "ask whether the plaintiff seeks an issuance or

26

27   ---

     [4] Plaintiff argues that the action should not be stayed under *Landis v. N. Am. Co.*, 299 U.S. 248
28   (1936). M. Serafin does not invoke a *Landis* stay in her opening brief; on reply, she agrees with
     Plaintiff that a *Landis* stay is not applicable in this case. *See* Reply at 6-7. Accordingly, the court
     does not address whether the action should be stayed under *Landis*.

United States District Court
Northern District of California

1   modification of a divorce, alimony, or child-custody decree." *Id.* at 1096. "The exception

2   preserves jurisdiction for cases within the competency of federal courts while, at the same time,

3   preventing a party from making an end-run around a state-court status determination." *Id.* "[T]he

4   domestic relations exception is narrow." *Id.* at 1097.

5          Plaintiff argues that the domestic relations exception does not apply because the court is

6   not being asked to make or alter a divorce decree. Opp'n at 9. The court agrees. While overlap

7   with divorce proceedings may constitute grounds for abstention, it is insufficient to deprive the

8   court of subject matter jurisdiction. *See, e.g., Hao v. Chen*, No. 10-CV-00826-LHK, 2010 WL

9   3910165, at *4 (N.D. Cal. Oct. 5, 2010). Although Defendants are embroiled in dissolution

10  proceedings, Plaintiff is not seeking the issuance or the modification of a divorce decree. She

11  seeks the imposition of an equitable lien on a marital asset and the lien's judicial foreclosure.

12         M. Serafin's only citation to Ninth Circuit authority on this point is *Bailey v. MacFarland*,

13  which does not support her position. *See* Reply at 4. The court in *Bailey* explained that "[u]nder

14  *Ankenbrandt*, we ask whether the plaintiff seeks an issuance or modification of a divorce, alimony,

15  or child-custody decree." 5 F.4th at 1096. The domestic relations exception applied in *Bailey*

16  because the plaintiff was "seeking a modification of her divorce decree." *Id.* at 1097. As M.

17  Serafin herself notes, the Ninth Circuit concluded that the "[s]tate court [was] the appropriate

18  forum for interpreting the decree to determine whether [the defendant] is in breach . . . [and]

19  determining whether the decree should be modified on the ground that, at the time of the divorce,

20  [the defendant] fraudulently misrepresented the couple's ownership stake in [the corporate

21  entity]." *Id.*; *see also* Reply at 4. Notably, the court in *Bailey* "decline[d] to adopt the broad

22  version of the [domestic relations] exception embraced by some of our sister circuits." *Id.*

23         As the allegations in Plaintiff's complaint do not seek issuance or modification of a

24  divorce decree, this case does not fall within the narrow domestic relations exception articulated

25  by the Supreme Court and the Ninth Circuit. Accordingly, the court is not precluded from

26  exercising jurisdiction over the case.

27         Nevertheless, the Supreme Court in *Ankenbrandt* noted that abstention—as opposed to

28  dismissal for lack of subject matter jurisdiction—may be appropriate "in a case involving elements

United States District Court
Northern District of California

5

1  of the domestic relationship even when the parties do not seek divorce, alimony, or child custody."

2  504 U.S. at 705 (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).[5]  The Court went on to

3  explain:

> 4  This would be so when a case presents "difficult questions of state
> 5  law bearing on policy problems of substantial public import whose
>    importance transcends the result in the case then at bar." *Colorado*
> 6  *River Water Conservation Dist.*, *supra*, 424 U.S., at 814. Such might
>    well be the case if a federal suit were filed prior to effectuation of a
> 7  divorce, alimony, or child custody decree, and the suit depended on a
>    determination of the status of the parties."

8  *Ankenbrandt*, 504 U.S. at 705–06.

9       In her opposition brief, Plaintiff contends that "[t]he incidental effect of this action on a

10  single family law case in California will not interfere with any policy problem of substantial

11  public import[.]" Opp'n at 11 (relying on *Ankenbrandt*). She claims that "[f]or *Ankenbrandt*, the

12  attenuated effect of that suit on state domestic relations laws was insufficient to transcend the

13  result in the case before the Court . . . [and] [t]he same applies here."

14       Plaintiff's argument misstates the reasoning in *Ankenbrandt*. There, the Court concluded

15  that abstention was inappropriate on the facts present in that case because the status of the

16  domestic relationship already had been determined as a matter of state law, and in any event, had

17  no bearing on the underlying torts alleged. Those circumstances are not present here – Defendants

18  are involved in ongoing dissolution proceedings and the marital assets to be allocated in that case

19  include the very Property subject to the declaratory relief sought by Plaintiff.

20       The Ninth Circuit has generally held that abstention is appropriate "when the core issue

21  involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237

22  (9th Cir. 1987) (affirming abstention and dismissal of action challenging ex-spouse's interference

23  with child custody), *cert. denied*, 484 U.S. 802 (1987). In addition, at least one court in this

24  district has interpreted Ninth Circuit law as "greenlight[ing] abstention where 'domestic relations

25

---

26  [5] While the narrow domestic relationship exception under *Ankenbrandt* is jurisdictional – that is, it
27  provides an exception to diversity jurisdiction and precludes the exercise of federal jurisdiction –
    "courts generally use *abstention* in the context of a dispute relating to domestic relations when the
28  controversy does not fall within the exact purview of divorce, alimony or child custody, but
    instead is closely related." *Kahn v. Kahn*, 21 F.3d 859, 860 n.1 (8th Cir. 1994) (emphasis added).

1   problems are involved tangentially to other issues determinative of the case.'" *Chan v. Exley*, No.

2   21-CV-09990-VC, 2022 WL 1027113, at *1 (N.D. Cal. Apr. 6, 2022) (quoting *Csibi v. Fustos*,

3   670 F.2d 134, 137 (9th Cir. 1982))).

4        The First Circuit's application of *Ankenbrandt* in *DeMauro v. DeMauro* is particularly

5   instructive here because of its factual similarities. *DeMauro* involved a civil claim under the

6   Racketeer Influenced and Corrupt Organizations Act ("RICO") "directed to the same property that

7   [was] going to be allocated between the parties as a result of the [divorce] decree." 115 F.3d 94,

8   99 (1st Cir. 1997). The First Circuit held that abstention—in the form of a stay of the action rather

9   than dismissal—was appropriate because of "the possible interference that a civil RICO action at

10  this time might cause to the state court's decision as to how to divide property in the divorce."

11  115 F.3d at 98. The court explained:

12           Not only divorce, but the allocation of property incident to divorce,
             are longstanding local functions governed by state law. *Ankenbrandt*,
13           while curtailing the domestic relations exception, nevertheless made
             clear the priority given the state resolution of family law issues,
14           including alimony determinations. Divorces are frequently
             accompanied by disputes about property, including both interim and
15           final allocations. Such state court authority would be threatened if
             civil RICO actions become the shadow proceeding for policing such
16           disputes.

17  *Id.* at 99. The First Circuit concluded that abstention was permissible because the property at

18  issue in the federal action was "the very subject of [the] pending divorce proceeding," and a stay

19  would "reduce the risk of interfering with interim state allocations and permit the court to tailor

20  any final federal judgment to avoid undermining the divorce court's allocation of property." *Id.*

21       Here too, Plaintiff's claims ask the court to make several determinations that are doubtless

22  at issue in Defendants' dissolution proceedings. For example, the state court will have to

23  determine the nature of M. Serafin and R. Serafin's interests in the Property and allocate that

24  interest accordingly. *See* Schwartz Decl., Ex. A (M. Serafin's petition for dissolution of marriage

25  filed on July 19, 2021) (requesting that the court confirm "any and all assets which are currently

26  unknown to Petitioner" as separate and community property). Related to that determination, the

27  state court will likely examine whether R. Serafin had a right to place a mortgage on the Property,

28  and the effect, if any, of that mortgage on Defendants' respective interests in the Property. *See*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Mot. at 6. M. Serafin also contends that the state court will have to decide whether the debt owed

2  to Plaintiff is Defendants' community property or R. Serafin's separate property. *See id.* The

3  court agrees with M. Serafin that any action by this court to determine the parties' rights and

4  obligations over the Property will inevitably interfere with the state court's responsibility to

5  confirm and allocate marital assets and liabilities. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d

6  610, 613 (9th Cir. 2000) ("A state has a vital interest in protecting the authority of the judicial

7  system, so that its orders and judgments are not rendered nugatory. . . . This is a particularly

8  appropriate admonition in the field of domestic relations, over which federal courts have no

9  general jurisdiction . . . and in which the state courts have a special expertise and experience."

10  (internal quotation marks and citations omitted)).

11      Plaintiff claims that there is no risk of interference between the federal and state cases

12  because "[e]ven if the state court were to agree [that Madeline has an interest in the Property], the

13  interest of the husband and wife in real property are junior to encumbrances, including property

14  taxes and mortgages." Opp'n at 8. Even assuming Plaintiff's statement of the law is correct, her

15  argument ignores that the complaint seeks several forms of relief, including judicial foreclosure.

16  If this court were to order the sale of the Property and the state court then determined that the same

17  property ought to be allocated to M. Serafin, those judgments would necessarily conflict. At the

18  very least, the state court's intended allocation of the Property could be frustrated. *See DeMauro*,

19  115 F.3d at 99. As in *DeMauro*, a stay of the action would "reduce the risk of interfering with

20  interim state allocations and permit the federal court to tailor any final federal judgment to avoid

21  undermining the divorce court's allocation of property." 115 F.3d at 99.

22      Under these circumstances, the court finds that abstention is appropriate. A stay in this

23  matter will allow the state court to preside over Defendants' dissolution proceedings without

24  interference from this court.

25  **IV.    CONCLUSION**

26      For the foregoing reasons, M. Serafin's motion to stay the action pending resolution of

27  Defendants' dissolution proceedings is granted. The Clerk shall administratively close the case.

28  Within two weeks of the conclusion of the dissolution proceedings, the parties may reopen the

case by filing a joint status report.

**IT IS SO ORDERED.**

Dated: May 22, 2023

Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California