UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SERAFIN,<br><br>    Plaintiff,<br><br>v.<br><br>REALMARK HOLDINGS, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-03275-PCP<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

Defendants Realmark Holdings, LLC and Realmark, Inc. (collectively "Realmark Defendants") move to dismiss or stay this action for lack of subject matter jurisdiction, improper venue, and failure to state a claim. For the reasons set forth herein, the motion is denied.

I.    **Background**

Robert Serafin filed this action against the Realmark Defendants as well as his wife Madeline Serafin and certain Doe defendants in June 2023. According to the allegations in Mr. Serafin's complaint, he and Ms. Serafin jointly formed and incorporated Realmark, Inc. in 2014 and each have a 50% ownership interest in Realmark, Inc. Mr. Serafin alleges that the mark "Realmark" has been associated with Realmark, Inc. since that time. Realmark, Inc. provides real estate and related services and is recognized in the Bay Area through its mark.

Mr. Serafin alleges that, in late 2022, Ms. Serafin and the Doe Defendants established a new entity named Realmark Holdings, LLC. Upon formation, Realmark Holdings, LLC allegedly assumed Realmark, Inc.'s website (http://realmark-commerical.com) and started offering services that were the same or similar to the services provided by Realmark, Inc. The purpose and effect of this scheme, Mr. Serafin alleges, was to deceive and confuse consumers into thinking the entities were the same and to thereby transfer customers from Realmark, Inc. to Realmark Holdings, LLC.

According to Mr. Serafin's complaint, the defendants have through this scheme diverted millions of dollars in revenue from Realmark, Inc. to Realmark Holdings, LLC, all to Mr. Serafin's detriment because he is a 50% shareholder in Realmark, Inc. but has no interest in Realmark Holdings, LLC.

In this lawsuit, Mr. Serafin alleges violations of Section 43 of the Lanham Act for False Designation of Origin and related state law claims. Specifically, Mr. Serafin alleges Realmark Holdings, LLC coopted Realmark Inc.'s website and uses the "Realmark" mark to market the same or similar services as Realmark Inc. In so doing, Mr. Serafin alleges that the Realmark Defendants intend to trade upon the reputation and goodwill of the mark to divert business from Realmark, Inc. to Realmark Holdings, LLC. As a remedy, Mr. Serafin seeks both monetary damages and injunctive relief.

On August 9, 2023, the Realmark Defendants moved to dismiss Mr. Serafin's complaint or stay this action pending the resolution of a Contra Costa County Superior Court marital dissolution action involving Mr. Serafin and Ms. Serafin. They assert four grounds for dismissal.

First, the Realmark Defendants seek to dismiss Mr. Serafin's complaint for lack of subject matter jurisdiction because this lawsuit arises from a dispute between Mr. Serafin and his wife and involves at least one asset that may be addressed in the Serafins' pending marital dissolution proceedings—Realmark, Inc. As a result, they argue that this lawsuit falls within the state courts' exclusive jurisdiction over matters of domestic relations and that the "domestic relations" exception strips this Court of the jurisdiction it would otherwise have over Mr. Serafin's claims.

Second, the Realmark Defendants contend that even if the Court has jurisdiction over Mr. Serafin's claims, the Court should refrain from allowing Mr. Serafin to move forward with those claims while the Serafins' marital dissolution proceedings remain pending in state court. They argue that abstention is proper under either *Younger v. Harris*, 401 U.S. 37 (1971), or *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

Third, the Realmark Defendants move to dismiss the complaint "for improper forum" pursuant to Rule 12(b)(3). They do not dispute any of Mr. Serafin's venue-related allegations, but rather again invoke the "domestic relations" exception to challenge venue in this District.

2

Fourth, and finally, the Realmark Defendants move to dismiss Mr. Serafin's complaint pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim. Specifically, they argue that Mr. Serafin lacks standing to assert a claim under Section 43(a) of the Lanham Act because he fails to allege either that defendants acted in interstate commerce or that he suffered competitive injury. They contend that Mr. Serafin's remaining causes of action are based on the Lanham Act and thus fail for the same reasons.

**II.   Legal Standards**

The Realmark Defendants seek to dismiss Mr. Serafin's complaint for lack for subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for improper venue under Rule 12(b)(3), and for failure to state a claim under Rule 12(b)(6).

A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a jurisdictional attack is facial, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Where a jurisdictional attack is factual, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving such factual disputes, courts may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* Although the Ninth Circuit has "not squarely held whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither," *Courthouse News Serv. v. Planet*, 750 F.3d 776, 779 n.2 (9th Cir. 2014), the Court will treat the Realmark Defendants' request that the Court apply *Younger* or *Burford* abstention to this lawsuit as a factual Rule 12(b)(1) motion and consider the evidence submitted by the Realmark Defendants in support thereof.

Congress has established that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

3

1 district in which any defendant is subject to the court's personal jurisdiction with respect to such

2 action." 28 U.S.C. § 1391(b). If a defendant raises an objection to venue under Rule 12(b)(3), the

3 plaintiff bears the burden to show that venue is proper. In ruling on such a motion, "the pleadings

4 need not be accepted as true, and facts outside the pleadings properly may be considered." *Kukje*

5 *Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).

6 In resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court

7 must "accept all factual allegations in the complaint as true and construe the pleadings in the light

8 most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028,

9 1029–30 (9th Cir. 2009). The motion must be granted, however, if the pleadings fail to allege facts

10 that allow the Court "to draw the reasonable inference that the defendant is liable for the

11 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions "can provide

12 the framework of a complaint," but the Court will not assume they are correct unless adequately

13 "supported by factual allegations." *Id.* at 679. Rule 12(b)(6) is the proper vehicle to evaluate

14 standing to pursue claims under a particular statute. *See Vaugh v. Bay Env't Mgmt., Inc.*, 567 F.3d

15 1021, 1024 (9th Cir. 2009) ("[A] dismissal for lack of statutory standing is properly viewed as a

16 dismissal for failure to state a claim.").

17 **III.    The Court Grants the Request for Judicial Notice.**

18 In support of their motion, the Realmark Defendants ask this Court to take judicial notice

19 of six exhibits: (1) Mr. Serafin and Ms. Serafin's pending marital dissolution proceeding; (2) the

20 Schedule of Assets and Debts submitted by Mr. Serafin in that case; (3) Mr. Serafin's request in

21 that case for the appointment of a forensic accountant to value Realmark, Inc.; (4) the order in that

22 case appointing an accounting expert; (5) the Complaint in *Burden v. Serafin*, No. 22-cv-03479-

23 DMR (N.D. Cal. June 13, 2022); and (6) the Order Re Motion to Stay, Dkt. No. 54, in *Burden v.*

24 *Serafin*, No. 22-cv-03479-DMR (N.D. Cal. May 22, 2023).

25 Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact "not

26 subject to reasonable dispute" because it either (1) "is generally known within the trial court's

27 territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose

28 accuracy cannot reasonably be questioned." A court cannot, however, take judicial notice of a fact

4

that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)).

In opposing the Realmark Defendants' request for judicial notice, Mr. Serafin asserts that the facts and exhibits at issue constitute "a blizzard of irrelevant or no longer valid documents from the pending divorce matter," and he specifically challenges the order appointing an accounting expert as "out of date and invalid." Dkt. No. 11, at 5–6. Mr. Serafin likewise contends that the documents from *Burden v. Serafin* are irrelevant to the issues before the Court. *Id.* at 5. Crucially, however, Mr. Serafin does not dispute the authenticity of any of the six public records of which the Realmark Defendants seek judicial notice. For that reason alone, the Court will take judicial notice of the exhibits. To the extent that facts contained in the state court order appointing a forensic accountant are in dispute, the court will take judicial notice only of the existence of that order. Likewise, to the extent the exhibits are irrelevant to the issues currently before the Court, they will not be considered in ruling upon the Realmark Defendants' motion.

**IV.     This Court Has Subject Matter Jurisdiction Over Mr. Serafin's Claims.**

In seeking the dismissal of Mr. Serafin's lawsuit, the Realmark Defendants first contend that this Court must dismiss Mr. Serafin's case for lack of subject matter jurisdiction because the "domestic relations" exception strips this Court of the jurisdiction it would otherwise have over Mr. Serafin's claims. Specifically, the Realmark Defendants contend that because this lawsuit arises from a dispute between Mr. Serafin and his wife and involves at least one asset that may be addressed in the Serafins' pending marital dissolution proceedings—Realmark, Inc.—this lawsuit falls within the state courts' exclusive jurisdiction over matters of domestic relations. This argument is contrary to binding Ninth Circuit precedent.

The contours of the domestic relations exception to federal jurisdiction are set forth by the Supreme Court's opinion in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). *Ankenbrandt* explained that "the domestic relations exception … divests the federal courts of power to issue

Case 5:23-cv-03275-PCP   Document 36   Filed 10/26/23   Page 6 of 12

divorce, alimony, and child custody decrees" but is limited to "cases involving the issuance of a divorce, alimony, or child custody decree." *Id.* at 703–04. The Ninth Circuit subsequently clarified that "the domestic relations exception applies only to the diversity jurisdiction statute" and therefore does not apply where the court exercises federal question jurisdiction. *Atwood v. Fort Peck Tribal Ct. Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008) (holding that where "subject matter jurisdiction exists … under § 1331 and federal common law," the "domestic relations exception does not apply"); *see Bailey v. MacFarland*, 5 F.4th 1092, 1095–96 (9th Cir. 2021) (citing *Atwood*, 513 F.3d at 947) ("We have held that the domestic relations exception does not apply in federal question cases.").

Here, it is undisputed that Mr. Serafin asserts claims that fall within the Court's federal question jurisdiction. Specifically, this Court has subject matter jurisdiction over Mr. Serafin's federal Lanham Act claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademarks), and has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Because the domestic relations exception does not apply where federal questions provide the basis for federal jurisdiction, dismissal on that ground is not appropriate here.

### V.     The Court Will Not Abstain from Resolving Mr. Serafin's Claims.

The Realmark Defendants separately contend that even if the Court has jurisdiction over Mr. Serafin's claims, the Court should refrain from allowing Mr. Serafin to move forward with those claims while the Serafins' marital dissolution proceedings remain pending in state court. But "abstention from the exercise of federal jurisdiction is the 'exception, not the rule,'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013), and neither form of abstention identified by the Realmark Defendants applies under the circumstances presented here.

#### A.     *Younger* Abstention Does Not Apply.

The Realmark Defendants first argue that abstention is proper under *Younger v. Harris*, 401 U.S. 37 (1971). Although *Younger* itself involved state *criminal* proceedings, *Younger* abstention may at times also be justified by ongoing *civil* proceedings. *See Sprint Commc'ns*, 571 U.S. at 78. In such instances, "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in

6

enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).[1] If each of the four "threshold elements" for *Younger* abstention is satisfied, the court must "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.*

In this case, the second factor set forth in *ReadyLink* is dispositive and precludes abstaining under *Younger*. The Serafins' ongoing marital dissolution proceedings are neither "civil enforcement proceedings" nor "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions." *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (citing *Sprint*, 571 U.S. at 78). Civil enforcement proceedings are "akin to a criminal prosecution," and "are characteristically initiated to sanction the federal plaintiff … for some wrongful act." *Id.* at 1040 (citing *Sprint*, 571 U.S. at 79). Those characteristics are not present in the marital dissolution proceedings at issue here, whose purpose is simply to set the conditions for the dissolution of the Serafins' marriage. Similarly, the ongoing dissolution proceedings do not implicate "the state courts' ability to enforce compliance with judgments already made" or "the *process* by which" state courts "compel compliance … under state law." *Id.* at 1041 (emphasis in original). The Realmark Defendants' speculation that a judgment from this Court could interfere with the state court's "consideration of division of community property between the parties, including Realmark, Inc," Dkt. No. 5, at 7–8, neither impacts the state court's ability to enforce any judgments that have already been made nor implicates the process by which the state court might "compel compliance" with its orders "under state law." *Id.*

---

[1] The Realmark Defendants cite *Evans v. Hepworth*, 433 F. Supp. 3d 1171 (D. Idaho 2020) for the relevant standard, but *Evans* evaluated *Younger* abstention under the test laid out in *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). That decision was subsequently abrogated by *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), and *ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754 (9th Cir. 2014).

As the Ninth Circuit has noted, "federal courts cannot ignore *Sprint*'s strict limitations on *Younger* abstention simply because states have an undeniable interest in family law." *Cook*, 879 F.3d at 1040. "If the mere possibility of inconsistent federal and state court judgments justified *Younger* abstention, *Younger* would swallow whole both *Colorado River* abstention and preclusion." *ReadyLink*, 754 F.3d at 759. Because the state proceeding at issue here does not satisfy the second requirement for *Younger* abstention, it is not appropriate here.

### B. *Burford* Abstention Does Not Apply.

The Realmark Defendants also argue that abstention is proper under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Burford* abstention is appropriate where (1) "the state has concentrated suits involving the local issue in a particular court"; (2) "the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence"; and (3) "federal review might disrupt state efforts to establish a coherent policy." *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991). The purpose of *Burford* abstention is "to limit federal interference with the development of state policy." *Id.* at 1407. "It is justified where the issues sought to be adjudicated in federal court are primarily questions regarding that state's laws." *Id.*

The Realmark Defendants again invoke the domestic relations exception to argue for *Burford* abstention, asserting that Mr. Serafin "seeks a determination in this case regarding the ownership of assets through defendants Realmark, Inc. and Realmark, LLC," and that the present action "directly interferes with the Contra Costa Case and the authority of the Contra Costa County Superior Court to adjudicate claims concerning the community property assets of plaintiff and Madeline Serafin." Dkt. No. 5, at 8.

The Realmark Defendants misrepresent Mr. Serafin's claim in this case. Rather than seek "a determination in this case regarding the ownership of assets through defendants Realmark, Inc. and Realmark, LLC," Mr. Serafin alleges that the Realmark Defendants have violated the Lanham Act by causing confusion as to the relationship between the two and by deceiving current and prospective Realmark Inc. customers into thinking, incorrectly, that Realmark Holdings, LLC and Realmark Inc. are the same or related entities. He alleges that by coopting Realmark, Inc.'s

8

website and marketing the same or similar services, Realmark Holdings, LLC intends to trade upon the reputation and goodwill of the mark to divert business from Realmark, Inc. to Realmark Holdings, LLC. He is injured by that conduct, he asserts, in his capacity as a 50% shareholder in Realmark, Inc.

These trademark infringement claims against two corporate defendants are separable from any domestic issues specifically within any state court's special competence. Whether the Realmark Defendants' conduct amounted to a violation of federal trademark law is a distinct question from whether and how the Serafins' personal assets—including their respective shares in Realmark, Inc.—should be distributed among them pursuant to a marital dissolution order. While the latter issue undoubtedly falls squarely within the state court's special competence, this Court's adjudication of a federal trademark action will not interfere with the state's interest in disposing of those interests pursuant to California law. The adjudication here also has no bearing on California's interest in establishing a coherent policy regarding how marital assets are assessed and distributed.

*Burford* abstention is only justified in a narrow set of circumstances "where the issues sought to be adjudicated in federal court are primarily questions regarding that state's laws." *Tucker*, 942 F.2d at 1407. That is not the situation in this trademark action where the issues to be adjudicated primarily present questions of federal law. Accordingly, *Buford* abstention is not appropriate here.

## VI. Venue in this District Is Proper.

Once again invoking the domestic relations exception, the Realmark Defendants also move the Court to dismiss the complaint "for improper forum" pursuant to Rule 12(b)(3). Dkt. No. 5, at 2. Mr. Serafin asserts that venue is proper pursuant to 28 U.S.C. § 1391(b), (c), (d) and 28 U.S.C. § 1400(a). Dkt. No. 1, at ¶ 4. He alleges that both Realmark Holdings, LLC and Realmark, Inc. "have a principal place of business and do business in this judicial district" and that "events giving rise to the claims alleged herein including acts of infringement carried out by the Defendants occurred in this judicial district." Dkt. No. 1, at ¶ 4. Mr. Serafin also alleges that Realmark Holdings, LLC is a California LLC with its principal place of business in Danville, California. *Id.*

9

1    at ¶ 6. Mr. Serafin alleges that Realmark, Inc. is a California C Corporation with its principal

2    placement of business also in Danville, California. *Id.* at ¶ 6.[2]

3    Realmark Defendants do not dispute any of Mr. Serafin's venue-related allegations. Nor do

4    they dispute that they each reside in this District and that the events giving rise to the claim

5    occurred in this District. Having already determined that the domestic relations exception does not

6    apply to this case, venue is proper in this District where all named defendants reside and where a

7    substantial part of events giving rise to the present action occurred. *See* 28 U.S.C. § 1391(b)(1)–

8    (2).

### VII.  Mr. Serafin Has Plausibly Stated a Valid Claim for Relief Under the Lanham Act.

Finally, the Realmark Defendants move to dismiss Mr. Serafin's complaint pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim. Specifically, they contend that Mr. Serafin lacks standing to assert a claim under Section 43(a) of the Lanham Act because he fails to allege either that defendants acted in interstate commerce or that he suffered competitive injury. They contend that Mr. Serafin's remaining causes of action are based on the Lanham Act and thus fail for the same reasons. These arguments all lack merit.

#### A. Mr. Serafin Sufficiently Pleads that the Realmark Defendants Used the "Realmark" Mark in Interstate Commerce.

To state a trademark infringement claim under the Lanham Act, the plaintiff must assert that the defendant "*uses in commerce* any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact." 15 U.S.C. § 1125(a)(1) (emphasis added); *see* 5 *McCarthy on Trademarks and Unfair Competition* § 27:47 (5th ed.) ("It is essential that the plaintiff allege in the complaint that the challenged designation or misrepresentation was made in interstate commerce."). "Commerce" under this statute means "all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. It is well established that "so defined 'commerce'

---

[2] The third named defendant is Madeline Serafin. Mr. Serafin alleges that Ms. Serafin is also a resident of California who resides in this District. Dkt. No. 1, at ¶ 3–4, 7. The identities of the Doe Defendants are not known at this time. *See Id.* at ¶ 9.

10

1    includes intrastate commerce which 'affects' interstate commerce." *Thompson Tank & Mfg. Co. v.*
2    *Thompson*, 693 F.2d 991, 993 (9th Cir. 1982).

3    Contrary to the Realmark Defendants' contentions, Mr. Serafin has sufficiently alleged that
4    the Realmark Defendants use the "Realmark" mark in commerce. He alleges, for example, that
5    they use the Realmark mark not only on their website but also in their domain, which he alleges
6    they usurped from Realmark, Inc. *See* Dkt. No. 1, at ¶ 86. That is enough because the internet is
7    recognized as "an instrumentality and channel of interstate commerce." *See, e.g.*, *United States v.*
8    *Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007).

**B.   To State a Claim for Relief Under Section 43(A), Mr. Serafin Does Not Need To Allege Competitive Injury.**

The Realmark Defendants also argue that Mr. Serafin has failed to allege the "competitive injury" needed to establish his standing under the Lanham Act. In so arguing, they rely on the test set forth in *Jack Russell Terrier Network of Northern California v. American Kennel Club., Inc.*, under which a plaintiff must show: "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive' or harmful to the plaintiff's ability to compete with the defendant." 407 F.3d 1027, 1037 (9th Cir. 2005). This reliance on the *Jack Russell Terrier Network* test is improper for at least two reasons.

First, the Realmark Defendants fail to distinguish between the distinct causes of action under Section 43(a): (1) false association, 15 U.S.C. § 1125(a)(1)(A), and (2) false advertising, 15 U.S.C. § 1125(a)(1)(B). The standing analysis under Section 43(a) differs depending on whether the plaintiff asserts a claim for false association or false advertising. The *Jack Russell Terrier Network* test addressed standing to pursue a false advertising claim, not the false association claim at issue here.

Second, the test set forth in *Jack Russell Terrier Network* is no longer good law. Standing to pursue a false advertising claim is properly analyzed under the test announced in *Lexmark International, Inc. v. Static Control Components, Inc.*, which does not require a showing of competitive injury. 572 U.S. 118, 134 (2014) (holding that "a direct application of the zone-of-interest test and the proximate-cause requirement supplies the relevant limits on who may sue" for

false advertising under the Lanham Act). Indeed, *Lexmark* expressly rejected the Ninth Circuit's "categorical test[] permitting Lanham Act suits only by an actual competitor." *Id.* at 124, 134.

For both reasons, the *Jack Russell Terrier Network* test relied upon by the Realmark Defendants has no application to the Lanham Act claims being pursued by Mr. Serafin. Instead, such a trademark infringement can be pursued by "(1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (e) a nonowner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008). The Realmark Defendants do not contend that Mr. Serafin fails to satisfy this standard, and have therefore waived any such argument for purposes of this motion.[3]

## VIII. Conclusion

For the foregoing reasons, the Court denies the Realmark Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: October 26, 2023

P. Casey Pitts
United States District Judge

---

[3] Because the Court rejects the Realmark Defendants' argument that Mr. Serafin lacks standing to pursue his Lanham Act claims, the Court likewise rejects their derivative argument that Mr. Serafin's state law claims fail for the same reason.

12