UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SERAFIN,<br><br>    Plaintiff,<br><br>v.<br><br>REALMARK HOLDINGS, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-03275-PCP<br><br>**ORDER DENYING MOTION TO STRIKE, DENYING MOTIONS FOR DEFAULT JUDGMENT, AND ORDERING RESPONSE WITHIN 14 DAYS** |

Before the Court is Ms. Serafin's motion to strike several paragraphs and exhibits to the Complaint. Defendant Ms. Serafin was served on November 13, 2023. *See* Dkt. No. 38. On December 4, 2023, she filed the present motion seeking to strike paragraphs 22–36, 39, and 41 and Exhibits C, D, E, F, G, and N to the Complaint. Dkt. No. 39. On December 18, 2023, Mr. Serafin filed redacted versions of exhibits C, D, F, G, and N, Dkt. No. 40, and an opposition to Ms. Serafin's motion to strike, Dkt. No. 41. Ms. Serafin filed a reply in support of her motion on December 22, 2023. For the following reasons, the Court denies Ms. Serafin's motion to strike, but finds that the original versions of Exhibits C, D, F, G, and N to the Complaint violate Federal Rule of Civil Procedure 5.2(a) and must be removed from the public docket. Ms. Serafin shall file a responsive pleading by no later than 14 days from the date of this Order.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Courts may grant a motion to strike where

"the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *5 (N.D. Cal. Jan. 4, 2018) (citation omitted). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id.* (citation omitted). Courts within this district generally consider a motion to strike to be a "drastic remedy." Accordingly, such a motion is disfavored. *See, e.g.*, *Lee v. City of San Jose*, No. 23-CV-00778-PCP, 2023 WL 7376823, at *2 (N.D. Cal. Nov. 8, 2023); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Federal Rule of Civil procedure 5.2(a) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth;" (3) the minor's initials; and the last four digits of the financial-account number." That confidential information must therefore be redacted unless a particular exemption applies. *See* Fed. R. Civ. P. 5.2(b).

## ANALYSIS

**I.   Ms. Serafin Has Not Met Her Burden of Showing That Paragraphs 22–36, 39 and 41 of the Complaint Have No Bearing on the Subject Matter of the Litigation.**

Ms. Serafin moves this Court to strike paragraphs 22–36, 39, and 41 pursuant to Rule 12(f) because they constitute "irrelevant, reductant, immaterial, impertinent and/or scandalous matter." Dkt. No. 39, at 5. She seeks to strike paragraphs 22 and 23 because they "concern a wrongful termination lawsuit that has no conceivable connection with this case." Dkt. No. 39, at 6. She seeks to dismiss paragraphs 24 and 25 because they contain "vague allegations involving the Contra Costa County District Attorney's office that are … without any connection to this case."

1  *Id.* She seek to dismiss 26–36 because they are "immaterial attacks against the character of defendant Serafin without any conceivable relevance or connection to this case." *Id.* Finally, she seeks to strike paragraphs 39 and 41 on grounds that they "relate to the dissolution action, and therefore, has no connection with the case." *Id.* She summarily concludes that none of these allegations relate to the Lanham Act or related state causes of action and therefore have no connection to the case. She also asks this Court to relax the "disfavored character of Rule 12(f)" because the allegations contained in the aforementioned paragraphs contain scandalous allegations. *Id.* at 5 (citing *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. Aug. 28, 2013) ("[T]he disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly cast a derogatory light on someone.")).

By contrast, Mr. Serafin argues that these paragraphs do have bearing on the subject matter of the litigation as they speak to the defendants' prior fraud, propensity to engage in fraud, and bad acts that Ms. Serafin committed while serving as CEO of defendant Realmark Inc. *See* Dkt. No. 41, at 7–8. Further, he argues that Ms. Serafin has not demonstrated that the allegations contained in the paragraphs at issue are scandalous. *Id* at 7.

Ms. Serafin has not met her burden. The burden is on the moving party to show that the challenged material "clearly could have no possible bearing on the subject of the litigation." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013). Where allegations "suppl[y] background or historical material or other matter of an evidentiary nature," or "contribute to a full understanding of the complaint as a whole," courts should not strike them "unless unduly prejudicial" to the defendants. *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010) (citation omitted)). Ms. Serafin has not provided more than conclusory statements that the allegations do not bear on the subject matter and has failed to demonstrate what allegations are "scandalous" or "unduly prejudicial" to the defendants and how. Accordingly, the Court cannot conclude that the paragraphs at issue "clearly could have no possible bearing on the subject of the litigation." *Holmes*, 966 F. Supp. 2d at 930.

3

**II.    Complaint Exhibits C, D, F, G, and N Contain Confidential Information Under Rule 5.2(a).**

Ms. Serafin moves this Court to strike Exhibits C, D, E, F, G, and N in their entirety, or to order in the alternative that they be filed under seal, because they contain confidential information in violation of Rule 5.2(a). Exhibits C and D both contain unredacted checks from Realmark, Inc. that include account numbers and routing numbers. Dkt. No. 39, at 4. Ms. Serafin argues that Exhibit E "contains a privileged e-mail from Ms. Serafin's dissolution attorney" that also includes three private e-mail addresses. *Id.* Exhibit F contains "private and personal credit charges of defendant Serafin that contains five digits," instead of the four allowed under Rule 5.2(a). *Id.* Exhibit G contains "documents related to the dissolution action that have no connection with this case." *Id.* 4–5. Exhibit N contains Ms. Serafin's date of birth, EDD customer account number, and cell phone number.

On December 18, 2023, Mr. Serafin filed redacted versions of Exhibits C, D, F, G, and N. Dkt. No. 40. He contends that Exhibit E does not contain any personal information.

The Court finds that Exhibits C, D, F, G, and N to the complaint contain unredacted confidential information in violation of Rule 5.2(a), and orders that those Exhibits be removed from the public docket. Exhibit E, however, does not contain any confidential information that Rule 5.2(a) requires be redacted. The Court further finds that the redacted versions of Exhibits C, D, F, G, and N, *see* Dkt. No. 40, comply with Rule 5.2(a). Those exhibits shall replace the unredacted exhibits on the docket.

**CONCLUSION**

For the foregoing reasons, Ms. Serafin's motion to strike is denied. Exhibits C, D, F, G, and N to the complaint shall be removed from the public docket and replaced with the redacted versions filed at Dkt. No. 40. Each of the defendants must file a responsive pleading within 14 days of the date of this order.[1]

---

[1] Mr. Serafin is correct that, in the absence of an accompanying Rule 12(b) motion, the filing of a Rule 12(f) motion to strike does not on its own postpone a defendant's deadline to respond to a complaint. The Court, however, will not enter default judgment based on Defendants' apparent misunderstanding of that rule, and thus denies Mr. Serafin's pending default judgment motions.

**IT IS SO ORDERED.**

Dated: January 12, 2024

P. Casey Pitts
United States District Judge