Stephen M. Fuerch (SBN 065864)
LAW OFFICES OF STEPHEN M. FUERCH
7901 Stoneridge Drive, Suite 506
Pleasanton, CA 94588
Phone: (925) 463-2575
Facsimile: (925) 399-6786
steve@fuerchlegal.com

Attorneys for Defendants REALMARK HOLDINGS, LLC,
MADELINE SERAFIN and REALMARK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHEN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT SERAFIN,<br><br>        Plaintiff,<br><br>v.<br><br>REALMARK HOLDINGS, LLC, a<br>California Limited Liability Company;<br>MADELINE SERAFIN, an individual;<br>REALMARK INC., a California "C"<br>Corporation; and DOES 1-10, inclusive<br><br>        Defendants. | Case No.: 5:23-cv-03275 PCP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:    February 22, 2024<br>Time:    10:00 a.m.<br>Ctrm:    8, 4th Floor (San Jose)<br>Judge:   Hon. P. Casey Pitts, United States<br>              District Court Judge |

## I.

## INTRODUCTION

Plaintiff Robert Serafin's ("plaintiff") Motion for Preliminary Injunction against Defendants Madeline Serafin, Realmark, Inc., a California "C Corporation and Realmark Holdings, LLC ("defendants") is a frivolous motion that should be denied. Defendant Serafin is and has been the sole owner of defendant Realmark, Inc. and its trademark. Declaration of Madeline Serafin ("Serafin Dec."),

///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 506
Pleasanton, CA 94588
(925) 463-2575

¶¶ 3, 9-11. Plaintiff has no standing to bring this motion as he is not, and never has been, a shareholder in defendant Realmark, Inc. Serafin Dec, ¶ 4.

The business of defendant Realmark, Inc. is real estate and expert witness consulting that requires a real estate license. Defendant Realmark, Inc. legitimately provides real estate services and consultation through defendant Serafin's brokerage license. Plaintiff is not and never has been a licensed real estate broker or salesperson who is authorized to conduct real estate business in the State of California. *Id.* at ¶ 7.

Defendant Realmark Holdings, LLC is a holding company that does not earn money, does not compete with anyone, does not conduct business and has no banking accounts. *Id.* at ¶ 16. *LA Alliance for Human Rights v. County of Los Angeles* (9th Cir., 2021) 14 F. 4th 947, 956 (requirements for standing requires proof of plaintiff suffering "(1) an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision").

The only misappropriation of income has occurred through plaintiff's unauthorized payment of $90,000 to himself from a bank account operated by defendant Realmark, Inc. Serafin Dec, ¶¶ 13-14, and Exhibits 4-5. When confronted by defendant Serafin about the unauthorized payment of $90,000 to himself, plaintiff said he was done with defendant Realmark, Inc. and took what he regarded as his share in the company.

The motion for preliminary injunction is an extraordinary remedy that should be denied for multiple reasons. *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 22. Plaintiff does not satisfy any of the required elements for injunctive relief; specifically, a showing that he is likely to prevail, a likelihood of suffering irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor and that an injunction is in the public interest. *Id.* at 956. Plaintiff fails to establish that the law and facts "*clearly favors* [his] position, not simply that [he] is likely to succeed." *Id.* at 956, italics in original and bracket added.

Plaintiff submits no evidence in his declaration, but inadmissible arguments and legal conclusions without supporting proof (see Objections to Evidence, Section III). Finally, the proposed injunction is based on improper "obey the law" language that is insufficient on its face. *Columbia*

///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 508
Pleasanton, CA 94588
(925) 463-2576

1  *Pictures Indus., Inc. v. Fung* (9th Cir. 2013) 710 F3d 1020, 1047-1048 ("an ordinary person reading the

2  court's order should be able to ascertain from the document itself exactly what conduct is proscribed").

3                                          **II.**

4                              **STATEMENT OF THE FACTS**

5       Plaintiff did not participate in the formation of Realmark, Inc.  Defendant Serafin designed the

6  Realmark logo and tag line.  She also personally came up with the name Realmark, Inc.  Defendant

7  Serafin successfully applied for the name reservation of Realmark, Inc., before filing Articles of

8  Incorporation, as shown in the name reservation issued by the State of California on September 24,

9  2014.  Serafin Dec., ¶ 3, Exh. 1.

10      On October 9, 2014, Articles of Incorporation were filed for Realmark, Inc.  Defendant Serafin

11  was, and has always been, the sole shareholder of stock in Realmark, Inc.  Plaintiff has never been a

12  shareholder in Realmark, Inc.  *Id.* at ¶ 4.

13      On October 25, 2014, defendant Serafin as a licensed real estate broker in the State of California

14  (number 01515354) applied for and obtained a broker license for Realmark, Inc., with the California

15  Department of Real Estate as number 0198267.  There is no confusion or commingling between the two

16  licenses.  *Id.* ¶ 6.

17      The business of Realmark, Inc. was and remains the providing of real estate services, including

18  representing clients in real estate transactions, real estate management and providing expert testimony

19  through the United States in area of real estate.  The business conducted by Realmark, Inc. requires a

20  real estate license.  Plaintiff is not and never has been a licensed real estate broker or licensed real estate

21  salesperson in the State of California.  *Id.* ¶ 7.

22      There is no substantial goodwill or recognition as defendant Serafin is the sole officer and

23  operator of Realmark, Inc. and the company does not make a substantial income.  Plaintiff has never

24  been a part of the website or the services offered by Realmark, Inc.  *Id.* at ¶ 8.

25      There are a number of false statements made in Robert's declaration regarding the ownership of

26  the website and domain of defendant Realmark, Inc., along with the copyright mark for Realmark, Inc.

27  Defendant Serafin personally registered the website and domain name of www.Realmark-

28

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 506
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**
Page -3-

1 | Commercial.com on June 7, 2016, a shown in the Register of Domain Name that is attached hereto as
2 | Exhibit 2. *Id.* at ¶ 9.

3 | No substantial website changes to the website known as Realmark-Commercial.com have been
4 | made since 2016.

5 | The copyright mark at the bottom of the website (see Exhibit 3) has been owned by Realmark,
6 | Inc. since 2016. Plaintiff has never had any ownership interest over the copyright mark for Realmark,
7 | Inc. Plaintiff has never had any ownership interest over any trademarks associated with Realmark, Inc.
8 | *Id.* at ¶ 11.

9 | Plaintiff was the Treasurer and Secretary of Realmark, Inc. from 2014-2020. Plaintiff was not an
10 | employee of Realmark, Inc. and did not perform any services or work on its behalf. *Id.* at ¶ 12.

11 | On August 12, 2020, plaintiff's unauthorized payment of $90,000 to himself constituted more
12 | than half of the assets of Realmark, Inc. *Id.* at ¶ 13.

13 | Defendant Serafin confronted plaintiff when she discovered that he had written a $90,000 check
14 | to himself without her permission, knowledge or consent. Due to his unauthorized payment of $90,000,
15 | defendant Serafin immediately removed plaintiff as Secretary and Chief Financial Officer/Treasurer of
16 | Realmark, Inc. Plaintiff did not object to his removal as Secretary and Chief Financial Officer/Treasurer
17 | of Realmark, Inc. *Id.* at  ¶ 14.

18 | When defendant Serafin filed for divorce the second time on July 19, 2021, plaintiff threatened
19 | her with false accusations that she owed him $500,000 for his claimed interest in defendant Realmark,
20 | Inc., amongst multiple other false accusations. *Id*. at  ¶ 15.

21 | Contrary to plaintiff's statements in his declaration, Realmark Holdings, LLC. has no real
22 | estate license and cannot perform any licensed real estate activities, nor does it do any business.
23 | Realmark Holdings, LLC. has no bank account, does not offer any services, and is only a holding
24 | company set up for liabilities to protect Realmark, Inc. *Id.* at ¶ 16.

25 | Like Realmark, Inc., defendant Serafin is the sole owner of Realmark Holdings, LLC. Realmark
26 | Holdings, LLC does not maintain a website, nor has it taken over any other website. *Id.* at ¶ 17.

27 | Realmark, Inc. has never made millions of dollars as claimed by the plaintiff. In ten years, it has
28 | made barely $500,000 and defendant Serafin has yet to take a full salary. *Id*. at ¶ 19.

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 606
Pleasanton, CA 94588
(925) 463-2575

**DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**
Page -4-

1    Realmark, Inc. continued to be paid for services by Krafton until October 2023.  In October
2  2023, Krafton abruptly terminated its contractual relationship with Realmark, Inc. citing litigation
3  issues with plaintiff. *Id*. at ¶ 21.

4    The only possible way Krafton could be aware of the existence of Realmark Holdings, LLC is if
5  plaintiff sent them a copy of the complaint filed in this case or contacted them directly. *Id*. at ¶ 21.

6    In 2023, because of the expense created by this lawsuit and the termination of its largest contract
7  with Krafton, Realmark, Inc. suffered its first negative income since its inception. *Id*. at ¶ 23.

8                                               **III.**

9                 **OBJECTIONS TO DECLARATION OF ROBERT SERAFIN**

10    Pursuant to Local Rule 7-3 (a), and Subpart VII (b) of the Court's Civil Standing Orders,
11  defendants submit the following objections to the Declaration of Robert Serafin in support of Plaintiff's
12  Motion for a Preliminary Injunction:

13    **Paragraph 3, Page 1: 25:**  Lacks foundation and proof that defendant Robert Serafin is a 50%
14  shareholder in Realmark, Inc. FRE 602.

15    **Paragraph 6, Page 3:3-10:**  Violates Local Rule 7-5 (b) that declarations must avoid
16  "conclusions and argument."  There is no foundation or proof for the statements made in this paragraph.
17  FRE 602.  The statements made in this paragraph are inadmissible opinions not based on facts.  FRE
18  701.

19    **Paragraph 8, Page 3:13-18:**  Violates Local Rule 7-5 (b) that declarations must avoid
20  "conclusions and argument."  There is no foundation or proof for the statements made in this paragraph.
21  FRE 602.  The statements made in this paragraph are inadmissible opinions and legal conclusions not
22  based on facts.  FRE 701.  The statements made in this paragraph also constitute inadmissible hearsay.
23  FRE 801.

24    **Paragraph 9, Page 3: 19-22:**  Violates Local Rule 7-5 (b) that declarations must avoid
25  "conclusions and argument."  There is no foundation or proof for the statements made in this paragraph.
26  FRE 602.  The statements made in this paragraph are inadmissible opinions and legal conclusions not
27  based on facts.  FRE 701.  The statements made in this paragraph also constitute inadmissible hearsay.
28  FRE 801.

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1    **Paragraph 10, Page 3: 23-27:** Violates Local Rule 7-5 (b) that declarations must avoid

2   "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.

3   FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions based

4   on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay. FRE

5   801.

6    **Paragraph 12, Page 4:  6-10:** Violates Local Rule 7-5 (b) that declarations must avoid

7   "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.

8   FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not

9   based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.

10  FRE 801. There is no authentication through documents or other proof of the statements made in this

11  paragraph. FRE 901.

12   **Paragraph 13, Page 4: 11-13:** Violates Local Rule 7-5 (b) that declarations must avoid

13  "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.

14  FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not

15  based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.

16  FRE 801. There is no authentication through documents or other proof of the statements made in this

17  paragraph. FRE 901.

18   **Paragraph 14, Page 4: 15-17:** Violates Local Rule 7-5 (b) that declarations must avoid

19  "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.

20  FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not

21  based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.

22  FRE 801. There is no authentication through documents or other proof of the statements made in this

23  paragraph. FRE 901.

24   **Paragraph 15: Page 4: 18-19:** Violates Local Rule 7-5 (b) that declarations must avoid

25  "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.

26  FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not

27  based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.

28  ///

Law Offices of
STEPHEN M. FUERCH, P.C.
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1 | FRE 801. There is no authentication through documents or other proof of the statements made in this
2 | paragraph. FRE 901.

3 | **Paragraph 16: Page 4: 20-25:** Violates Local Rule 7-5 (b) that declarations must avoid
4 | "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.
5 | FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not
6 | based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.
7 | FRE 801. There is no authentication through documents or other proof of the statements made in this
8 | paragraph. FRE 901.

9 | **Paragraph 17: Pages 4: 26-5:2:** Violates Local Rule 7-5 (b) that declarations must avoid
10 | "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.
11 | FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not
12 | based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.
13 | FRE 801. There is no authentication through documents or other proof of the statements made in this
14 | paragraph. FRE 901.

15 | **Paragraph 18: Page 5:3-11:** Violates Local Rule 7-5 (b) that declarations must avoid
16 | "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.
17 | FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not
18 | based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.
19 | FRE 801. There is no authentication through documents or other proof of the statements made in this
20 | paragraph. FRE 901.

21 | **Paragraph 19: Page 5:12-21:** Violates Local Rule 7-5 (b) that declarations must avoid
22 | "conclusions and argument." There is no foundation or proof for the statements made in this paragraph.
23 | FRE 602. The statements made in this paragraph are inadmissible opinions and legal conclusions not
24 | based on facts. FRE 701. The statements made in this paragraph also constitute inadmissible hearsay.
25 | FRE 801. There is no authentication through documents or other proof of the statements made in this
26 | paragraph. FRE 901.

27 | //

28 | ///

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1

2

## IV.

## THE MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED

Plaintiff submits only inadmissible conclusions and arguments in support of his motion (see Objections to Evidence above).

In order to obtain a preliminary injunction, Plaintiff must demonstrate that legal remedies are inadequate. *Stanley v. University of Southern Calif.* (9th Cir. 1994) 13 F3d 1313, 1320. As will be discussed, plaintiff does not satisfy any of the requirements for issuance of a preliminary injunction. *LA Alliance for Human Rights*, supra., 14 F. 4th at 956

### A.    Plaintiff Is Not Likely to Succeed on the Merits

Plaintiff is not likely to succeed on the merits, as he has no standing to bring this motion. Defendant Realmark, Inc. owns its copyright and trademark. Defendant Realmark, Inc. is the exclusive owner of the website and domain name of defendant Realmark, Inc. Plaintiff has never owned the copyright and trademark of defendant Realmark, Inc.

With respect to plaintiff's claims for trademark infringement, he never created any trademark associated with or connected to Realmark, Inc. *I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"* (E.D. PA, 2022) 614 F. Supp. 3d 114, 137. Ownership of a trademark turns on the following six factors: "Who created the mark?;" "Who first put the mark on the product?"; "Whose name appeared on the product's packaging and marketing?"; Who controlled the nature and quality of the product?"; "To whom did customers make complaints and seek replacement or refunds"; "Who paid for advertising and promotion of the product?" *Id*. at 137. The ultimate determination of ownership of a mark "demands an 'individualized analysis' of the 'roles and responsibilities of the parties and the expectations of consumers.'" *Id*. at 137.

Defendant Serafin satisfies all six tests for ownership of the Realmark, Inc. trademark, whereas plaintiff has no proof or evidence that he was or is an owner or co-owner of the trademark. The mark, including the website and domain name of Realmark, Inc., are exclusively owned by defendant Serafin.

Realmark, Inc. was created to provide expert witness consulting and real estate services. Defendant Serafin, as a licensed real broker, is the only person who is authorized to perform these services and operate any trademarks maintained by Realmark, Inc. Since plaintiff is not a licensed real

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1  estate agent, he could never perform any work for Realmark, Inc. which provides professional real estate
2  services and expert testimony.  See: California Business and Professions Code § 10136.

3       The ownership interest relevant for registered trademarks has been interpreted to limit standing
4  under the Lanham Act only to registered owners or exclusive licensees of a trademark.  *Ahmed v.*
5  *Hosting.com*, (2014, D. Mass.) 28 F. Supp. 3d 82, 87, citing *Quabaug Rubber Co v. Fabiano Shoe Co.*,
6  (1st Cir. 1997) 567 F. 2d 154, 159-160.  Plaintiff does not own or license any trademarks associated with
7  Realmark, Inc. [1]

8       In addition, plaintiff does not satisfy the required proof in his claims under the Lanham Act and
9  related state law causes of action.  Plaintiff must establish that defendants are using a mark "confusingly
10  similar to a valid, protectable trademark" of the plaintiff.  *Brookfield Communications, Inc. v. West*
11  *Coast Entertainment Corp.* (9th Cir., 1999)  174 F. 3d 1036, 1046.

12       Much of plaintiff's discussion in his motion is the false statement that defendant Realmark
13  Holdings, LLC is infringing on the trademark of Realmark, Inc.  First, defendant Serafin is the sole
14  owner of the Realmark, Inc. trademark.

15       Second, defendant Realmark Holdings, LLC does not transact any business, is not operating
16  publicly and has not infringed on the trademark of Realmark, Inc.  Serafin Dec., ¶¶ 16-17.  Plaintiff's
17  arguments that defendant Realmark Holdings, LLC is infringing on the trademark of defendant
18  Realmark, Inc. are without merit, as defendant Realmark Holdings, LCC does not engage in any
19  business, has no bank account and does not divert any monies as falsely claimed by plaintiff.  Plaintiff's
20  claims of trademark infringement, both based on federal and state law, are without merit.

21  **B.      Plaintiff Does Not Demonstrate Irreparable Harm**

22       Plaintiff makes no showing of irreparable harm.  Actual irreparable harm must be established by
23  a plaintiff in a trademark infringement case.  *Herb Reed Enterprises, LLC v. Florida Entertainment*
24  *Management, Inc.* (9th Cir., 2013) 736 F. 3d 1239, 1249.  Speculation as to possible future harm does not
25  establish irreparable harm.  Conclusory and unsupported statements about future harm do not establish
26  ///

27
28

[1] Contrary to plaintiff's argument, he is not a shareholder in Realmark, Inc. and has no right to inspect the financial records of Realmark, Inc.  California Corporations § 1601 (a) (1).

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575

1  irreparable harm.  *adidas America, Inc. v. Skechers USA, Inc.* (9th Cir., 2018) 890 F 3d 747, 760- 761

2  (reversing injunctive relief because there was no showing of irreparable harm).

3      Plaintiff must "*demonstrat*e immediate threatened injury" in order to obtain injunctive relief.

4  *Caribbean Marine Services Co., Inc. v. Baldrige* (9th Cir. 1988) 844 F2d 668, 674 (italics added in

5  original).

6      Plaintiff submits no evidence of irreparable harm.  Plaintiff agreed in 2020 that he would have

7  nothing to do with the business of Realmark, Inc.  The harm in this case has been through plaintiff's

8  interference with the business of Realmark, Inc. and wrongfully paying himself $90,000 from Realmark,

9  Inc.'s bank account.  Serafin Dec., ¶¶ 13-14, and Exhibits 4 and 5.

10  **C.      The Balance of Equities Tips Strongly in Defendants' Favor and An Injunction Is Not in**

11  **the Public Interest**

12      As discussed above, the balance of equities tips strongly in defendants' favor.  There is also no

13  showing that an injunction is in the public interest.

14      Finally, if for any reason the Court grants the motion, either entirely or in part, plaintiff should be

15  required to post a bond in the amount of $250,000.  FRCP 65 (c) requires the posting of a bond "in an

16  amount that the court considers proper to pay the costs and damages sustained by any party found to

17  have been wrongfully enjoined or restrained."  "While there are exceptions, the instances in which a

18  bond may not be required are so rare that the requirement is almost mandatory."  *Frank's GMC Truck*

19  *Ctr., Inc. v. General Motors Corp.* (3rd Cir. 1988) 847 F2d 100, 103.

20                                    **V.**

21                              **CONCLUSION**

22      For the reasons stated in their moving papers, defendants respectfully request that plaintiff's

23  Motion for Preliminary Injunction be denied.

24  DATED:  January 29, 2024.

25                              LAW OFFICES OF STEPHEN M. FUERCH
                              A Professional Corporation

26

27                              By:_____

28                                  STEPHEN M. FUERCH
                                  Attorney for Defendants

Law Offices of
STEPHEN M. FUERCH, PC
7901 Stoneridge Drive
Suite 500
Pleasanton, CA 94588
(925) 463-2575