UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SERAFIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REALMARK HOLDINGS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03275-PCP<br><br>**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 71 |

Robert Serafin brings this action against Realmark Holdings, LLC and Realmark, Inc. (the "Realmark Defendants"), his former wife Madeline Serafin, and other unnamed Doe defendants. The named defendants now move for summary judgment. For the reasons set forth herein, the Court grants defendants' motion for summary judgment on Mr. Serafin's Lanham Act claims and related state law claims and declines to exercise jurisdiction over the remaining state law claims.

## BACKGROUND

As explained in this Court's order denying the Realmark Defendants' motion to dismiss and stay, Mr. Serafin alleges that he and Ms. Serafin have each held a 50% ownership stake in Realmark, Inc. since they formed and incorporated the entity together in 2014. Mr. Serafin further alleges that the mark "Realmark" is associated with Realmark, Inc. and helps promote the company's real estate services in the Bay Area.

Mr. Serafin alleges in his complaint that Ms. Serafin and the Doe defendants created a new entity, Realmark Holdings, LLC, in late 2022. The complaint alleges Realmark Holdings, LLC assumed Realmark, Inc.'s website to offer the same or similar services in an attempt to deceive, confuse, and ultimately transfer customers from Realmark, Inc. to Realmark Holdings, LLC. The complaint alleges the scheme directed revenue away from Realmark, Inc. to Realmark Holdings,

1  LLC to Mr. Serafin's detriment.

2      Mr. Serafin's suit contains two claims for violations of Section 43(a) of the federal
3  Lanham Act and eight state law claims. Mr. Serafin seeks both monetary damages and injunctive
4  relief.

5      On August 9, 2023, the Realmark Defendants moved to dismiss Mr. Serafin's complaint or
6  stay this action pending the resolution of a Contra Costa County Superior Court marital
7  dissolution action between the Serafins. On October 26, 2023, the Court denied the motion.

8      The Realmark Defendants and Madeline Serafin now move for summary judgment.

## LEGAL STANDARD

Courts may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden to demonstrate a lack of genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). The burden then shifts to the nonmoving party to "provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 1076 (quoting Fed. R. Civ. P. 56(e)). Courts "must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## ANALYSIS

**I.    Defendants' motion for summary judgment on claims 1–5 is granted.**

Defendants move for summary judgment on Mr. Serafin's Lanham Act claims (the first and fourth causes of action), arguing that summary judgment is appropriate because (1) Mr.

United States District Court
Northern District of California

Serafin has no evidence demonstrating his ownership interest in the trademark; and (2) Mr. Serafin has no evidence to prove that Realmark Holdings, LLC committed trademark infringement. The Court agrees.

There are two bases for liability under section 43(a) of the Lanham Act: (1) false association, 15 U.S.C. § 1125(a)(1)(A); and (2) false advertising, 15 U.S.C. § 1125(a)(1)(B). *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). Here, Mr. Serafin relies upon a false association theory for both of his section 43(a) claims.[1] To have statutory standing to bring a false association claim, a plaintiff suing for trademark infringement must establish that they are "(1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC. v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008).

Mr. Serafin argues that he possesses standing because "he co-founded Realmark Inc. with Madeline Serafin in 2014 and has remained a 50% shareholder throughout its existence" and because "[t]he 'Realmark' mark has been continuously associated with Realmark Inc., a business recognized in the Bay Area real estate market, and Plaintiff has a direct economic interest in its reputation and client base." In his opposition to defendants' summary judgment motion, however, Mr. Serafin cites no *evidence* in support of this argument, relying instead exclusively upon the allegations in his unverified complaint. Such allegations cannot create a genuine dispute of material fact at summary judgment. *Lujan v. Defenders of Wildlife* 504 U.S. 555, 561 (1992). ("In response to a summary judgment motion, [ ] the plaintiff can no longer rest on [ ] mere allegations but must set forth by affidavit or other evidence the specific facts, which for purposes of summary judgment, will be taken as true." (internal quotations omitted)).

Although Mr. Serafin was required to identify in his opposition with reasonable particularity the evidence that precludes summary judgment but failed to do so, see *Keenan v.*

---

[1] Mr. Serafin's opposition to the pending motion confirmed that he is only pursuing a false advertising theory. *See* Dkt. No. 72, at 8. Accordingly, the Court need not reach defendants' arguments in favor of summary judgment on any false advertising claim.

3

*Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not the task of the district court "to scour the record in search of a genuine issue of triable fact"), the Court has nonetheless reviewed the evidence that Mr. Serafin attached to his opposition to determine whether it creates any material and genuine issues of material fact.

The only evidence potentially relevant to determining whether Mr. Serafin has an ownership interest sufficient to provide statutory standing is a declaration from Mr. Serafin himself that states, in relevant part:

> I am a co-founder and 50% shareholder of Realmark Inc., a California corporation formed in 2014. I was actively involved in its operations and branding since its inception until I was improperly removed from all positions by Madeline Serafin in July 2021, and my access to all Realmark systems, books, accounts, and operations terminated.

As the Ninth Circuit has made clear, such a declaration is not necessarily sufficient to preclude summary judgment. "[A] self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Whether or not Mr. Serafin's declaration would be admissible to prove some of the other facts quoted above, whether Mr. Serafin possesses "ownership" of Realmark, Inc. is a legal conclusion. As a result, his statement that he is a 50% shareholder of the corporation, standing alone, is insufficient to create a genuine dispute of fact as to ownership.

Crucially, Mr. Serafin has provided no evidence beyond his self-serving declaration to establish his ownership stake in Realmark, Inc. His declaration includes two exhibits, but they do not support the asserted facts. The first includes several checks that, in Mr. Serafin's view, show Ms. Serafin improperly transferring funds from Realmark, Inc. to herself. These checks do not establish his personal ownership interest in any way. The second is a letter sent to Realmark Inc. by attorney Charles Throckmorton on December 18, 2023, that notes that "Striking Distance has individual claims against Madeline Serafin, whom we understand is the *sole owner* of Realmark" (emphasis added). As with the checks, this letter does not support any claim regarding Mr.

4

Serafin's ownership of the corporation; if anything, it supports defendants' claim that he lacks such an interest.[2]

In addition, Mr. Serafin fails to identify admissible evidence suggesting defendants' infringement of the Realmark trademark. "To prove trademark infringement, a trademark holder must show that the defendant's use of its trademark is likely to cause confusion, or to cause mistake, or to deceive." *See Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015); *see also JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1053 (C.D. Cal. 2021). Mr. Serafin has not introduced evidence to suggest that Realmark, LLC is using the Realmark trademark at all, let alone in a manner that is likely to cause confusion, mistake, or deception. For the same reason, Mr. Serafin has introduced no evidence to suggest trademark infringement under his California common law trademark infringement claim. *See M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1080 (9th Cir. 2005) (explaining that the same test for trademark infringement applies for federal Lanham Act and California common law claims).

Mr. Serafin has also introduced no evidence to create a genuine dispute of material fact as to his California common law trademark dilution claim. "In order to prove [such] a violation, a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008). Mr. Serafin provides no evidence to create a genuine dispute of material fact as to any of these elements.

Mr. Serafin also introduces no evidence in support of his fifth claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., which is

---

[2] Mr. Serafin also attaches to his opposition a copy of an apparent Realmark, Inc. bank account application in which he is listed as the "Treasurer & Secretary" of Realmark, Inc. Dkt. No. 72, at 18. A separate page lists a place for the "[o]wner" signatures and includes signatures from both Ms. and Mr. Serafin. *Id.* at 19. This evidence has not been authenticated by Mr. Serafin and therefore cannot be considered at summary judgment. And in any event, it does not directly address the parties' ownership interests in the corporation. Whether or not Mr. Serafin was treated as an "owner" of any bank account opened in the corporation's name—a status that presumably is defined by the bank's own policies and practices—the signature line alone does not create a genuine question of material fact as to whether he owned 50% of Realmark, Inc.

premised on defendants' alleged improper use of the Realmark trademark.

Because Mr. Serafin has not identified evidence from which a jury could find either statutory standing or infringement, defendants' motion for summary judgment on his first and fourth claims for violation of the Lanham Act is granted. Likewise, the Court grants defendants' motion for summary judgment on Mr. Serafin's second and third California common law trademark claims and fifth UCL claim.

## II. The Court declines to exercise jurisdiction over the remaining state law claims.

Because the Court has granted summary judgment against Mr. Serafin on his federal trademark claims (and the closely related state law claims), the Court, in its discretion, declines to assert supplemental jurisdiction over the remaining state law claims for interference with prospective economic advantage, breach of fiduciary duty, and unjust enrichment. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). The only potential basis for maintaining jurisdiction over Mr. Serafin's remaining state law claims is supplemental jurisdiction under 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise [supplemental] jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Mr. Serafin's remaining state law claims require analysis into specific state law and are not resolved by the summary judgment on Mr. Serafin's federal trademark claims and the closely related state law claims. Considering judicial economy, convenience, fairness, and comity, it is clear that the balance of the factors favors declining to exercise supplemental jurisdiction over those claims. Accordingly, the Court, in its discretion, dismisses claims 6–10 of the complaint without prejudice.

## CONCLUSION

For the reasons set forth herein, the Court grants defendants' motion for summary judgment on Mr. Serafin's Lanham Act claims and related state law claims and declines to

exercise supplemental jurisdiction over claims 6 through 10. The Court enters judgment in defendants' favor and against Mr. Serafin on claims 1 through 5, and dismisses claims 6 through 10 without prejudice.

**IT IS SO ORDERED.**

Dated: August 28, 2025

P. Casey Pitts
United States District Judge